IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHWAB INVESTMENTS, *et al.*,<br><br>    Defendant.<br>                                      / | No. C 08-4119 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

On November 13, 2008, the Court held a hearing on plaintiff's motion for a temporary restraining order. Plaintiff seeks to enjoin defendant Charles Schwab & Co. from giving written notice to Northstar's clients of Schwab's termination of Northstar as a Schwab registered investment advisor. Plaintiff filed this lawsuit on August 28, 2008, on behalf of investors in Schwab's Total Bond Market fund. The lawsuit alleges that defendants have violated the Investment Company Act of 1940 and state law by making investments that deviated from the Fund's stated investment objectives.

Schwab's proposed letter notifies the customers that Northstar's relationship with Schwab will end on January 9, 2009. The letter states that Schwab decided to discontinue its relationship with Northstar because Northstar filed this class action lawsuit against Schwab, and it states that "Schwab denies the allegations in the lawsuit." Rains Decl. Ex. B. The letter explains the steps that each customer will need to complete to transfer his or her account to a new custodian, and it explains the changes that would occur to the customer's Schwab account if the customer were to decide not to transfer to a new custodian.

After consideration of the parties' papers and the arguments of counsel, the Court DENIES

plaintiff's motion for a temporary restraining order. To obtain the relief sought, plaintiff must demonstrate "either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Bank Julius Baer & Co. Ltd. v. WikiLeaks*, 535 F. Supp. 2d 980, 983 (N.D. Cal. 2008). Plaintiff has not raised serious questions going to the merits of any of the claims alleged in the lawsuit; none of the claims in the lawsuit relate to the termination.[1] Plaintiff contends that Schwab's termination of Northstar is retaliation for filing this lawsuit. Even if that is true, it is undisputed that Northstar's relationship with Schwab is governed by contract, and that the contract says either party "may terminate this Agreement at any time by giving notice." Rains Decl. Ex. A.

Plaintiff also has not demonstrated irreparable harm. Plaintiff asserts that it will be irreparably harmed if Schwab is permitted to send the letter because it will have to find an alternative platform for its customers. According to Northstar's president Richard Berse, however, Northstar would require no less than 30 days to interview and secure an agreement with a different institutional advisor platform prior to beginning to transfer clients from Schwab. Berse Decl. ¶ 15. Because Schwab's termination of Northstar is not effective until January 9, 2009, Northstar will have sufficient time to transfer its clients. Plaintiff also asserts that its relationships with its clients will be harmed by Schwab's proposed letter. However, plaintiff does not contend that any of the statements in the proposed letter are false or derogatory about Northstar.

Accordingly, the Court DENIES plaintiff's motion for a temporary restraining order. (Docket No. 12).

**IT IS SO ORDERED.**

Dated: November 17, 2008

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff's request for expedited discovery related to the termination is also denied, since the discovery sought is not relevant to any of the claims alleged in the complaint.

2