DARRYL P. RAINS (CA SBN 104802)
K.C. ALLAN WALDRON (CA SBN 231866)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
Email: DRains@mofo.com; KCWaldron@mofo.com

DOROTHY L. FERNANDEZ (CA SBN 184266)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: DFernandez@mofo.com

Attorneys for defendants Schwab Investments, Charles
Schwab & Co., Inc., Charles Schwab Investment Management,
Inc., and Schwab Total Bond Market Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHWAB INVESTMENTS, CHARLES SCHWAB & CO., INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., and SCHWAB TOTAL BOND MARKET FUND,<br><br>Defendants. | Case No.   CV-08-4119 SI<br><br>CLASS ACTION<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT<br><br>Date:   January 23, 2009<br>Time:   9:00 a.m.<br>Court:  10<br>Judge:  Hon. Susan Illston |

# INTRODUCTION

Section 13(a) of the '40 Act provides no express private right of action. We demonstrated, in our moving papers, that no private right of action should be implied for section 13(a). (Open. Br. at 7-9; Reply Br. at 4-6.)

The Court asks whether the recent addition of section 13(c) changes either of these conclusions. Section 13(c) does not create any express right of action under section 13(a). And nothing in the text or legislative history of section 13(c) evidences any congressional intent to recognize an implied private right of action for section 13(a).

# BACKGROUND FACTS

Congress adopted section 13(c) on December 31, 2007, as part of the Sudan Accountability and Divestment Act of 2007. Congress passed the Divestment Act out of concern for the ongoing genocide in Darfur. S. Rep. No. 110-213, 2007 WL 5334394 (2007). The Divestment Act was enacted to help increase economic pressure on Sudan to curb this violence. J. R. Crook (ed.), *New U.S. Legislation Authorizes Divestment in Companies Doing Business With Sudan,* 102 Am. J. Int'l L. 370, 370 (Apr. 2008). The Divestment Act authorizes state and local governments, pension funds, and investment managers to divest investments in companies doing certain types of business with Sudan. *Id.* The Divestment Act creates a legal framework by which investors can make these divestments without risk of liability under other laws or regulations. S. Rep. No. 110-213, 2007 WL 5334394.

The Divestment Act accomplishes this result by creating a safe harbor to protect registered investment companies, and their officers, directors, and employees, from all civil and criminal liability under any federal or state law or regulation or the common law. 15 U.S.C. § 80a-13(c). Thus, under section 13(c), "no person" (including any governmental entity) may bring any claim of any kind based upon the divestiture of investments in Sudan. Pub. L. No. 110-74, 121 Stat. 2516, § 4 (2007).

Section 13(c) does not refer to section 13(a); indeed, it does not even refer to the '40 Act. It does not, and was not intended to, create or recognize rights under the '40 Act. The '40 Act was not referred to in the congressional debates. Instead, the debate focused on a state divestment

law that had been passed, only to be held unconstitutional and enjoined by a federal court. S. Rep. No. 110-213, 2007 WL 5334394 (citing *Nat'l Foreign Trade Council v. Giannoulias,* 523 F. Supp. 2d 731 (N.D. Ill. 2007)).

## ARGUMENT

A private right of action may only be implied based upon evidence of a congressional intent to create a private right of action. *Cort v. Ash*, 422 U.S. 66, 78 (1975); *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001); *Qwest Commc'ns Corp. v. City of Berkeley,* 202 F. Supp. 2d 1085, 1090 (N.D. Cal. 2001). That evidence must be found either in statutory text or legislative history.

Nothing in the text or legislative history of section 13(c) constitutes evidence of any congressional intent to approve, or recognize, a private right of action for section 13(a). The text of section 13(c), of course, does not refer to section 13(a). *Alexander,* 532 U.S. at 288 (text of statute must be beginning of analysis).

And nothing in the legislative history of the Divestment Act hints at a congressional intent to approve or recognize a private right of action for section 13(a). The Divestment Act sweeps generally and broadly, preempting lawsuits of all kinds — civil and criminal, federal and state, legal and equitable, statutory and under the common law — against registered investment companies and their officers, directors, and employees "based solely upon the investment company divesting from" Sudan. 121 Stat. 2516, § 4. Nothing in the act's legislative history suggests that Congress intended to affect, or even thought specifically about, section 13(a). *See Touche Ross v. Redington,* 442 U.S. 560, 571 (1979) ("[i]mplying a private right of action on the basis of congressional silence is a hazardous enterprise, at best").

For this reason, the first phrase of section 13(c) — "Notwithstanding any other provision of Federal or State law" — cannot be read as referring to section 13(a) or to any other specific statutory provision. Nothing in the legislative history even hints that this phrase can be read as recognizing a private right of action under section 13(a). Similarly, the section's reference to "no person" cannot be read to suggest that a "person" could bring a claim under section 13(a) so long as it did not relate to divestiture of investments in Sudan. Indeed, nothing in the legislative

history even explains why this "safe harbor" was added to section 13 of the '40 Act, rather than added to the '40 Act as a new section.

The adoption of a new statutory provision cannot support an implied private right of action if the amendment does "not 'in anyway alter the existing rights or action and the corresponding remedies permissible'" under that statute. *Alexander,* 532 U.S. at 292; *AT&T v. M/V Cape Fear,* 967 F.2d 864, 876-77 (3d Cir. 1992) (later amendment did not support a private right of action for the Submarine Cable Act of 1888).[1] Moreover, a statutory amendment cannot support an implied right of action when the amendment limits liability rather than creating additional rights. *See Qwest Commc'ns Corp.,* 202 F. Supp. 2d at 1093 ("[i]t is unlikely that Congress, intending to provide a safe harbor for states and localities in subsection (c), would have intended that same provision be used as a sword by telecommunications providers to bring suit against those same parties in federal district court").

## CONCLUSION

For these reasons, the adoption of section 13(c) does not support any finding of an implied private right of action for Section 13(a).

Dated: January 20, 2009

DARRYL P. RAINS
DOROTHY L. FERNANDEZ
K.C. ALLAN WALDRON
MORRISON & FOERSTER LLP

By:     /s/ Darryl P. Rains
           Darryl P. Rains

Attorneys for Defendants

---

[1] This was demonstrated in 1970, when Congress added an express private right of action to section 36(b) of the '40 Act. Most courts have concluded that "Congress's explicit provision of a private right of action to enforce one section of a statute suggests that omission of any explicit private right to enforce other sections was intentional." *Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110, 116 (2d Cir. 2007) (citation and quotations omitted); *M.J. Whitman & Co., Inc. Pension Plan v. Am. Fin. Enters. Inc.,* 552 F. Supp. 17, 22 (S.D. Ohio 1982) (no implied private right of action for § 7(a)), *aff'd,* 725 F.2d 394 (6th Cir. 1984).