Joseph J. Tabacco, Jr. (75484)
jtabacco@bermanesq.com
Christopher Heffelfinger (118058)
cheffelfinger@bermanesq.com
James C. Magid (233043)
jmagid@bermanesq.com
**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

**Attorneys for Plaintiff Northstar Financial Advisors, Inc.**

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC. on Behalf of Itself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHWAB INVESTMENTS, CHARLES SCHWAB & CO., INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., and SCHWAB TOTAL BOND MARKET FUND,<br><br>Defendants. | Case No. C 08-04119 SI<br><br>CLASS ACTION<br><br>Time:         9:00 a.m.<br>Date:         January 23, 2009<br>Courtroom: Courtroom 10, 19th Floor<br>                    The Honorable Susan Illston |

**PLAINTIFF'S MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ADDRESSING SECTION 13(c) OF THE INVESTMENT COMPANY ACT**

Joseph J. Tabacco, Jr. (75484)
Christopher Heffelfinger (118058)
James C. Magid (233043)
**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

**I.   LEGAL ARGUMENT**

**A.   SECTION 13(c) OF THE INVESTMENT COMPANY ACT AFFIRMS THAT SECTION 13(a) ALLOWS AN IMPLIED RIGHT OF ACTION**

Defendants incorrectly assert that §13(a) of the ICA does not permit a private right of action.  Contrary to defendants' unavailing assertion, Congress' recent amendment to the ICA, adding § 13(c) (entitled "Limitations on Actions"), clearly demonstrates that actions under § 13(a) are privately enforceable.

Section 13(a)(3), among other things, prohibits an investment company from "deviat[ing] from any investment policy which is changeable only if authorized by shareholder vote." 15 U.S.C. § 80a-13(a)(3).  Defendants argue, notwithstanding the legions of contrary authority, that § 13(a)(3) is only enforceable by the government and does not provide a private right of action.

Section 13 was amended by Congress in December 2007 to restrict rights (under certain limited circumstances) of "persons" to bring actions under §13(a) of the ICA with respect to investments in the Sudan.  Section 13(c) provides in relevant part:

> Notwithstanding any other provision of Federal or State law, **no person** may bring any civil, criminal, or administrative action against any registered investment company, or any employee, officer, director, or investment adviser thereof, based solely upon the investment company divesting from, or avoiding investing in, securities issued by persons that the investment company determines, using credible information that is available to the public, conduct or have direct investments in business operations in Sudan described in section 3(d) of the Sudan Accountability and Divestment Act of 2007. 15 U.S.C. § 80a-13(c)(1) (emphasis added).

Section 13(c) prohibits actions, which would have otherwise been brought under § 13(a), against investment companies that divest from investments in securities of companies conducting business operations in the Sudan.  As a result, § 13(c) provides a "safe harbor" for those divestment decisions made in accordance with the legislation. S. Rep. No. 110-213, at 6 (2007).

For example, because of § 13(c), an investment company otherwise required to invest a certain percentage of its assets in securities of companies conducting business in Sudan, cannot be held liable under § 13(a) for divesting its interest in such companies without shareholder approval.

Section 13(c) is compelling on the issue of an implied right of action because unlike § 13(a), § 13(c) employs the term "person."  "Person" is defined in § 2(a)(28) of the ICA as "a natural

1  person or company." See also § 13(c)(3) (expanding the definition of a "person" to include "the
2  Federal Government and any State or political subdivision of a State"). The use of the term
3  "person" in § 13(c) leads to only one logical conclusion: § 13 is enforceable by **both** private
4  parties and government entities.

5  Unquestionably, § 13(c) applies to § 13 in its entirety, and therefore, § 13(c) must be read in
6  conjunction with § 13(a). See The Sudan Accountability and Divestment Act of 2007, Pub. L. No.
7  110-174, 121 Stat. 2516, 2519 (2007), § 4(a) ("**Section 13** of the Investment Company Act of 1940
8  ... is amended by adding at the end the following ...") (emphasis added). By employing the term
9  "person" in a provision of the statute that expressly addresses **limitations** on § 13 actions, Congress
10 unequivocally recognized that the statute authorizes private actions. Such language patently
11 dismisses any notion of congressional intent to preclude private actions under the provisions of §
12 13.

13 Clearly, if Congress intended to preclude private enforcement of § 13(a), it would have
14 done so expressly in § 13(c), which is the provision of the statute that expressly creates a
15 "limitation" on enforcement. By not including such a limitation, Congress plainly authorized
16 private actions. See Marley v. United States, 548 F.3d 1286, 1292 (9th Cir. 2008) (reasoning that
17 "if Congress had intended to grant exceptions to the [Federal Torts Claims Act] limitations period,
18 it would have done so expressly" as it had done in a similar provision of the Act).

19 Moreover, Congressional action or inaction has been taken as a sign of deference to judicial
20 interpretations of statutes. In Merril Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353,
21 379 (1982), the Supreme Court noted that "[w]hen Congress acts in a statutory context in which an
22 implied private remedy has already been recognized by the courts ... Congress need not have
23 intended to create a new remedy, since one already existed[.]" The Court held that an implied right
24 of action had been judicially established under the Commodities and Exchange Act when
25 Congressed enacted a significant amendment to the Act, and the fact Congress did not legislate
26 against such private right of action was "evidence that Congress affirmatively intended to preserve
27 that remedy." Id. at 381-82. The same reasoning is applicable here. Congress amended § 13 of the
28 ICA in the context of an established implied private remedy. The fact that Congress did not

expressly limit actions under this section, but rather affirmed that a claim under § 13(a) can be brought by a natural person or company, establishes that Congress "affirmatively intended to preserve that remedy." Id.

Accordingly, this Court should not depart from the prior, uniform, holdings that have permitted § 13(a) private actions to proceed on the merits.[1]

## II. CONCLUSION

For the reasons started above, together with those advanced in plaintiff's earlier submissions, this Court should deny defendants' motion to dismiss in all respects.

Dated: January 20, 2009

By: s/Robert C. Finkel
ROBERT C. FINKEL (*admitted Pro Hac Vice*)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY  10022
Telephone:  (212) 759-4600
Facsimile:  (212) 486-2093

---

[1] The amendment adding ICA, Section 13(c), is not the first time Congress has affirmed the existence of implied private rights of action under the ICA. Previously, in 2002, Congress established a statute of limitations applicable to private rights of action under the ICA. Section 804(b) of the Sarbanes-Oxley Act of 2002 ("SOX"), established a statute of limitations of the earlier of "2 years after the discovery of facts constituting the violation" and "five years after such violation." That statute of limitations was made applicable to "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47))." 28 U.S.C. § 1658(b) (emphasis added). The "securities laws" are defined under Section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)) to include "the Investment Company Act of 1940."

The only express private right of action under the ICA (Section 36(b), 15 U.S.C. § 80a-35) does not require proof of "personal misconduct" and contains a one-year statute of limitations that remains unaffected by SOX, § 804(b). See Sections 36(b)(1) and (3). Congress's establishment of a statute of limitations for **other** ICA violations is a clear affirmation of implied private rights of action under that statute.

1

2   Marc J. Gross (*admitted Pro Hac Vice*)
    **GREENBAUM ROWE SMITH**
3     **& DAVIS LLP**
    75 Livingston Street, Suite 301
4   Roseland, NJ  07068
    Telephone:  (973) 535-1600
5   Facsimile:  (973) 535-1698

6   Joseph J. Tabacco, Jr. (75484)
    Christopher T. Heffelfinger (118058)
7   James C. Magid (233043)
    **BERMAN DEVALERIO PEASE TABACCO**
8   **BURT & PUCILLO**
    425 California Street, Suite 2100
9   San Francisco, CA  94104
    Telephone: (415) 433-3200
10  Facsimile:  (415) 433-6382

11  **Attorneys for Plaintiff**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[C-08-4119 SI] PLAINTIFF'S MEMORANDUM IN FURTHER OPPOSITION                    4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28