IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS INC., on Behalf of Itself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHWAB INVESTMENTS, *et al.*,<br><br>Defendants.<br>_____/ | No. C 08-4119 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS** |

Defendants' motion to certify for interlocutory appeal and to stay, and defendants' motion to dismiss the amended complaint are scheduled for a hearing on May 1, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. The Court also VACATES the May 1, 2009 case management conference.

Pursuant to 28 U.S.C. § 1292(b), defendants seek an order certifying for interlocutory appeal the Court's February 19, 2009 decision that a private right of action may be implied for Section 13(a) of the Investment Company Act of 1940. An interlocutory appeal of an order should be permitted when the Court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd mem. sub nom. Arizona v. U.S. Dist. Ct.*, 459 U.S. 1191 (1983).

These conditions are met here. As the Court recognized in the February 19, 2009 order, the Ninth Circuit has not addressed the question of whether there is an implied private right of action for Section 13(a), and district courts within the Ninth Circuit also have not ruled on the question. There is

substantial ground for difference of opinion on this issue, as indicated by the Second Circuit's decision in *Olmsted v. Pruco Life Ins. Co.*, 283 F.3d 429 (2d Cir. 2002) (no private right of action for violations of Sections 26(f) and 27(i) of the ICA). Under these circumstances, an interlocutory appeal is appropriate. *See Le Vick v. Skaggs Cos. Inc.*, 701 F.2d 777, 778 (9th Cir. 1983) (interlocutory appeal on question of whether 15 U.S.C. § 1674(a) provides an implied private right of action). In addition, the Section 13(a) claim is the only federal claim in this action, and resolution of whether there is a private right of action will materially advance this litigation. If there is no implied private right of action under Section 13(a), the issues will be significantly narrowed, thus shaping the scope of discovery and motion practice.

Plaintiff contends that even if defendants' proposed interlocutory appeal has any merit, this case will nevertheless proceed on the state law claims. That may or may not be true. Defendants have moved to dismiss those claims for failure to state a claim, and the parties' briefing on the state law claims involves, to a certain extent, issues related to the Section 13(a) claim.[1] The Court finds that the prudent and most economical path is to certify the Court's ruling on the Section 13(a) claim for interlocutory appeal, deny without prejudice defendants' motion to dismiss the state law claims, and to stay the balance of this case. If the Ninth Circuit accepts the appeal, defendants may renew their motion to dismiss after remand.[2] If the Ninth Circuit does not accept the appeal, the parties shall promptly notify this Court and defendants may re-notice the motion to dismiss on an expedited schedule after conferring with the Courtroom Deputy.

Accordingly, for the foregoing reasons the Court GRANTS defendants' motion to certify for interlocutory appeal the February 19, 2009 decision holding that a private right of action may be implied for Section 13(a) of the ICA. The Court GRANTS defendants' motion to stay this case during the pendency of the 28 U.S.C. § 1292(b) proceedings. The Court DENIES WITHOUT PREJUDICE

---

[1] For example, defendants contend that all of plaintiff's claims are derivative in nature, and thus must comply with Federal Rule of Civil Procedure 23.1.

[2] The Court recognizes that if the Ninth Circuit accepts the interlocutory appeal, the stay may be lengthy while the appeal is pending. In that event, should plaintiff wish to dismiss the state claims without prejudice to allow plaintiff to litigate those claims in state court, the Court would entertain such a motion.

1  defendants' motion to dismiss.  Docket Nos. 79 and 88.

3  **IT IS SO ORDERED.**

5  Dated: April 27, 2009

SUSAN ILLSTON
United States District Judge