Joseph J. Tabacco, Jr. (75484)
jtabacco@bermandevalerio.com
Christopher Heffelfinger (118058)
cheffelfinger@bermandevalerio.com
James C. Magid (233043)
jmagid@bermandevalerio.com
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA  94111
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

**Attorneys for Plaintiff Northstar Financial Advisors, Inc.**

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on Behalf of Itself and all Others Similarly Situated,<br><br>                          Plaintiff,<br>        v.<br><br>SCHWAB INVESTMENTS, CHARLES SCHWAB & CO., INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., and SCHWAB TOTAL BOND MARKET FUND,<br><br>                          Defendants. | Case No. C-08-4119 RS<br><br>CLASS ACTION<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Master File No. C-08-4119 RS

Plaintiff Northstar Financial Advisors Inc. and defendants Schwab Investments and Charles Schwab Investment Management, Inc., jointly submit this statement pursuant to the Court's March 18, 2010, Reassignment Order.

**1. Date case was filed**

August 28, 2008.

**2. List or description of all parties**

Plaintiff: Northstar Financial Advisors, Inc. – a registered investment advisory and financial planning firm.

Defendants: Schwab Investments – A registered investment company and trust that maintains the assets of and issued shares of the Schwab Total Bond Market Fund (the "Fund") to investors.

Charles Schwab Investment Management, Inc. – The investment advisor to Schwab Investments and to the Fund.

Plaintiff initially named as defendants, but subsequently dismissed its claims, without prejudice, against the Fund and against Charles Schwab & Co., Inc. (the underwriter of shares of the Fund).

**3. Summary of all claims, counter-claims, cross-claims, third party claims**

**A. Plaintiff's Statement**

This is a class action brought on behalf of persons who owned shares of the Schwab Total Bond Market Fund (Ticker: SWLBX) at any time from August 31, 2007 to March 2, 2009 (the date of filing of plaintiff's First Amended Complaint). Defendants named in that Complaint are Schwab Investments (a registered investment company and investment trust that maintains the assets of the Fund), and Charles Schwab Investment Management, Inc. (the investment advisor to the Fund). Plaintiff alleges that Schwab Investments, and affiliated entities, caused the Fund to deviate from its fundamental investment objective to track the Lehman Brothers U.S. Aggregate Bond Index (the "Lehman Index"). The Fund deviated from its stated investment objective by investing in high risk non-U.S. agency collateralized mortgage obligations ("CMOs"). The non-U.S. agency CMOs were not part of the Lehman Index and were substantially more risky than the U.S. agency securities and other instruments that comprised the Lehman Index. The Fund also deviated from its stated fundamental investment objective by investing more than 25% of its total assets in U.S. agency and

JOINT CASE MANAGEMENT CONFERENCE STATEMENT 1
Master File No. C-08-4119 RS

non-agency mortgage-backed securities and CMOs. The Fund's investment objectives prohibited any concentration of investments greater than 25% in any industry (other than if necessary to track the Lehman Index). Defendants' deviation from the Fund's investment objective exposed the Fund and its shareholders to tens of millions of dollars in losses stemming from a sustained decline in the value of non-agency mortgage-backed securities. The Fund's deviation from its stated investment objective caused investors to suffer a negative 12.54% differential in total return for the Fund compared to the Lehman Index for the period August 31, 2007 through February 27, 2009.

### B. Defendants' Statement

The Schwab Total Bond Market Fund is a fixed income mutual fund that seeks to track the Lehman U.S. Aggregate Bond Index. The Lehman Index reflects the performance of the entire U.S. fixed income market, and includes approximately 9,000 bonds of all types, including government, corporate, mortgage-backed, and asset-backed securities with maturities longer than one year. (Amended Compl. ¶ 37, 38.)

From 1997 to August 31, 2007, the Fund generally performed consistent with its goal of tracking the Lehman Index. The fund's total return over this period was about 5.75% compared to 6.04% for the Lehman Index. After the credit crisis started, the Fund temporarily failed to track the Lehman Index. The Fund underperformed the Lehman Index by 0.52 percentage points in the third quarter of 2007, by 1.68 percentage points in the fourth quarter, and by 4.56 percentage points in the first quarter of 2008. By the second quarter of 2008, however, the fund was again tracking the Lehman Index, outperforming it by .18 percentage points.

The two main issues in dispute focus on the Fund's "investment objective" and "concentration policy." The crux of Northstar's claim is that the Fund underperformed the Lehman Index because it impermissibly deviated from its investment objective and concentration policy. The Fund always complied with its investment objective and concentration policy.

### 4. Brief description of the event underlying the action

The Fund's investment in securities that plaintiff alleges did not track the Lehman Index.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT 2
Master File No. C-08-4119 RS

**5. Description of relief sought and damages claimed with an explanation as to how damages are computed**

It is plaintiff's contention that damages should be determined based on a class-wide mathematical formula that takes into account the dates on which a class member owned shares of the Fund and how the Fund performed on those dates compared to how the Fund would have performed if it had adhered to its stated investment policy of tracking the Lehman Index.

Defendants' position is that section 13(a) of the Investment Company Act does not provide a private right of action, nor does the statute provide a remedy for private litigants.

**6. Status of discovery (including any limits or cutoff dates)**

Plaintiff made its initial disclosures on January 30, 2009. Defendants have not made their initial disclosures. There has been no other discovery in the action.

**7. Procedural history of the case including previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge**

On February 19, 2009, the District Court granted in part and denied in part defendants' motion to dismiss plaintiff's initial complaint. The District Court denied that part of defendants' motion to dismiss plaintiff's claim pursuant to Section 13(a) of the Investment Company Act (15 U.S.C. §80a-13(a)), and concluded that Section 13(a) provided an implied private right of action under the Investment Company Act. Plaintiff filed a First Amended Complaint ("FAC") pursuant to the Court's February 19, 2009 Order on March 2, 2009. The FAC contained both federal claims under Section 13(a) of the Investment Company Act and state law claims. Defendants filed a motion to dismiss the FAC on March 26, 2009. On April 27, 2009, after the motion to dismiss was fully briefed, but before the District Court heard argument on the motion, the District Court granted defendants' 28 U.S.C. §1292(b) petition for interlocutory appeal from the February 19, 2009 Order on the issue of whether Section 13(a) of the Investment Company Act provides an implied private right of action. The Court also stayed the case pending the conclusion of any appeal. On June 29, 2009, the Ninth Circuit Court of Appeals granted defendants' 1292(b) petition. Oral argument on the appeal is scheduled for April 12, 2010.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT 3
Master File No. C-08-4119 RS

8. **Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences, and trials**

There are no other deadlines in light of the Court's stay of this action.

9. **Any requested modification of these dates and reason for the request**

The parties will request a case management conference after determination of the appeal.

10. **Whether the parties will consent to a magistrate judge for trial**

The parties do not consent to have a magistrate judge for trial.

11. **Whether Judge Seeborg has previously conducted a settlement conference in this case, and if so, whether the parties stipulate to him handling this case for trial pursuant to ADR Local Rule 7-2 or request his recusal;**

No.

12. **If there exists an immediate need for a case management conference to be scheduled in the action.**

No.

Dated: April 2, 2010

WOLF POPPER LLP

By:   /s/ Robert C. Finkel
     Robert C. Finkel
     (admitted *pro hac vice*)

845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Marc J. Gross
Bryan Plocker
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 Livingston Street, Suite 301
Roseland, NJ 07068
Telephone: (973) 535-1600
Facsimile: (973) 535-1698

JOINT CASE MANAGEMENT CONFERENCE STATEMENT           4
Master File No. C-08-4119 RS

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
James C. Magid
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

**Attorneys for Plaintiff Northstar Financial Advisors, Inc.**

**MORRISON & FOERSTER LLP**

By: ___/s/ Darryl P. Rains___
      Darryl P. Rains

K.C. Allan Waldron
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
Email: Drains@mofo.com
          KCWaldron@mofo.com

Dorothy L. Fernandez
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: DFernandez@mofo.com

**Attorneys for Defendants Schwab Investments and Charles Schwab Investment Management, Inc.**

## ATTESTATION OF E-FILED SIGNATURES

I, James C. Magid, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45, X.B., I hereby attest that Robert C. Finkel and Darryl P. Rains have concurred in this filing.

Date: April 2, 2010                                **BERMAN DEVALERIO**

By: _____/s/ James C. Magid_____
              James C. Magid

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                                5
Master File No. C-08-4119 RS