1   Matthew L. Larrabee, Esq. (SBN 97147)
    matthew.larrabee@dechert.com
2   Joshua D. N. Hess, Esq. (SBN 244115)
    joshua.hess@dechert.com
3   DECHERT LLP
    One Bush Street, Suite 1600
4   San Francisco, CA 94104
    Telephone: (415) 262-4500
5   Facsimile: (415) 262-4555

6   Attorneys for Defendants

7   [Additional counsel on signature page]

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  NORTHSTAR FINANCIAL ADVISORS,          Case No.  08-cv-04119-LHK
    INC., on Behalf of Itself and All Others
12  Similarly Situated,                     CLASS ACTION

13                 Plaintiff,               **ANSWER TO FOURTH AMENDED**
                                            **CLASS ACTION COMPLAINT**
14  v.
                                            JURY TRIAL DEMANDED
15  SCHWAB INVESTMENTS; MARIANN
    BYERWALTER, DONALD F.
16  DORWARD, WILLIAM A. HASLER,
    ROBERT G. HOLMES, GERALD B.
17  SMITH, DONALD R. STEPHENS,
    MICHAEL W. WILSEY, CHARLES R.
18  SCHWAB, RANDALL W. MERK,
    JOSEPH H. WENDER and JOHN F.
19  COGAN, as TRUSTEES OF SCHWAB
    INVESTMENTS; and CHARLES
20  SCHWAB INVESTMENT
    MANAGEMENT, INC.,
21
                   Defendants.
22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1        Defendants Charles Schwab Investment Management, Inc., Mariann Byerwalter, Donald

2    Dorward, William Hasler, Robert Holmes, Gerald Smith, Donald Stephens, Michael Wilsey,

3    Charles Schwab, Randall Merk, Joseph Wender, and John Cogan ("Defendants")[1] submit their

4    answer to the Fourth Amended Class Action Complaint ("FAC"), filed June 25, 2015, as

5    follows[2]:

6                                       **<u>ANSWER</u>**

7        1.      Defendants admit that the ticker for the Schwab Total Bond Market Fund is

8    "SWLBX."  The remainder of this Paragraph contains conclusions of law and not factual

9    statements for which any response is required.  To the extent that any further response is required,

10   the allegations in this Paragraph are denied.

11        2.      Defendants admit that Plaintiff purports to bring suit against the identified parties

12   in this Paragraph.  The allegations in Paragraph 2 are characterizations of the FAC and otherwise

13   contain conclusions of law and not factual statements for which any response is required.  To the

14   extent that any further response is required, the remaining allegations in this Paragraph are

15   denied.

16        3.      Defendants admit the allegations of this Paragraph.

17        4.      Defendants admit that the ticker for the Lehman Brothers U.S. Aggregate Bond

18   Index is LBUSTRUU.  Defendants admit that the Fund's fundamental investment objectives

19   could only be changed by shareholder vote.  Except as otherwise admitted, Defendants deny the

20   allegation in this Paragraph.

21        5.      Defendants deny the allegations in this Paragraph.

22        6.      Defendants admit that the Fund was prohibited from investing 25% or more of the

23   value of its total assets in any industry, as defined pursuant federal law and SEC regulations.

24

---

[1]   Although Schwab Investments is also named as a defendant in the FAC, this Court dismissed
25   all pending claims against it with prejudice.  *See* October 5, 2015 Order [D.E. 229] at 15-18,
26   23, 41.

[2]   In addition to the allegations included in the numbered paragraphs of the FAC, Defendants
27   deny all other allegations in the FAC on the grounds that they do not have sufficient
28   knowledge to form an opinion as to the truth of the allegations.

1    Defendants otherwise deny the allegations in this Paragraph.

2         7.      Defendants deny the allegations in this Paragraph.

3         8.      Defendants assert that Judge Illston's February 19, 2009, opinion is a matter of

4    public record and speaks for itself; the Court is referred to that document for a complete and

5    accurate statement of its contents.  To the extent that any further response is required, the

6    allegations in this Paragraph are denied.

7         9.      Defendants admit that the Fund seeks to track the performance of the Lehman

8    Index.  Except as otherwise admitted, Defendants deny the allegations in this Paragraph.

9         10.     Defendants admit that the Fund's performance since February 27, 2009, has

10   substantially tracked the performance of the Index.  The remainder of this Paragraph contains

11   conclusions of law and not factual statements for which any response is required. To the extent

12   that any further response is required, the remaining allegations in this Paragraph are denied.

13        11.     Defendants deny the allegation that the Fund deviated from its investment

14   guidelines.  The remainder of this Paragraph contains conclusions of law and not factual

15   statements for which any response is required. To the extent that any further response is required,

16   the remaining allegations in this Paragraph are denied.

17        12.     Defendants admit that Plaintiff amended the Second Amended Complaint.  The

18   remainder of this Paragraph contains conclusions of law and not factual statements for which any

19   response is required.  To the extent that any further response is required, the allegations in this

20   Paragraph are denied.

21        13.     This Paragraph (including its subparts (a) through (n)) does not contain factual

22   statements for which any response is required.  To the extent that any further response is required,

23   the remaining allegations in this Paragraph are denied.

24        14.     Defendants deny the allegations in this Paragraph.  *See* October 5, 2015 Order

25   [D.E. 229].

26        15.     Defendants deny the allegations in this Paragraph.  *See* October 5, 2015 Order

27   [D.E. 229].

28        16.     This Paragraph contains conclusions of law and not factual statements for which

any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

17.     This Paragraph contains conclusions of law and not statements of fact for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  To the extent this Paragraph purports to quote from the Schwab Investments' Agreement and Declaration of Trust, the Court is referred to that document for a full and complete statement of its contents.

18.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

19.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

20.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

21.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

22.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

23.     Defendants lack sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph.  To the extent that any further response is required, the allegations in this Paragraph are denied.

24.     Defendants lack sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph.  To the extent that any further response is required, the allegations in this Paragraph are denied.

1    25.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

2    allegations in this Paragraph.  To the extent that any further response is required, the allegations

3    in this Paragraph are denied.

4    26.    Defendants admit that Northstar has purchased and sold securities as an

5    independent investment advisor through Charles Schwab's institutional platform.  Defendants

6    lack sufficient knowledge to form an opinion as to the truth of the remaining allegations in this

7    Paragraph.  To the extent that any further response is required, the remaining allegations in this

8    Paragraph are denied.

9    27.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

10   allegations in this Paragraph.  To the extent that any further response is required, the allegations

11   in this Paragraph are denied.

12   28.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

13   allegations in this Paragraph.  To the extent that any further response is required, the allegations

14   in this Paragraph are denied.

15   29.    Defendants admit that this Paragraph correctly states the amount of shares that

16   Henry Holz purchased in the Fund.  Defendants lack sufficient knowledge to form an opinion as

17   to the truth of the remaining allegations in this Paragraph.  To the extent that any further response

18   is required, the remaining allegations in this Paragraph are denied.

19   30.    Defendants admit that Schwab Investments is a registered investment company

20   under the Investment Company Act of 1940, is organized under Massachusetts law, consists of a

21   series of 94 funds, and is the sponsor of the Fund.  Except as otherwise admitted, Defendants

22   deny the allegations in this Paragraph.

23   31.    Defendants admit that the Charles Schwab Corporation is a publicly owned

24   corporation.  The remainder of this Paragraph contains conclusions of law and not factual

25   statements for which any response is required.  To the extent that any further response is required,

26   the allegations in this Paragraph are denied.

27   32.    Defendants admit that the Fund is a series of Schwab Investments and the Fund is

28   managed by Charles Schwab Investment Management, Inc. ("CSIM").  Except as otherwise

admitted, Defendants deny the allegations in this Paragraph.

33.     Defendants admit that the Trust is an unincorporated business organization created by an instrument of trust.  The Court is referred to that document for a complete and accurate statement of its contents.  The remaining allegations in this Paragraph contain conclusions of law and not factual statements for which a response is required.  To the extent that any further response is required, the remaining allegations in this Paragraph are denied.

34.     Defendants admit the allegations of this Paragraph.

35.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

36.     Defendants admit the allegations of this Paragraph.

37.     Defendants admit that Schwab Investments, at times, uses the term "Schwab" in its marketing materials.  Except as otherwise admitted, the allegations in this Paragraph are denied.

38.     Defendants admit the allegations of this Paragraph.

39.     Defendants assert that the Proxy Statement dated May 13, 2010, speaks for itself, and the Court is referred to that document for a complete and accurate statement of its contents.  To the extent that any further response is required, the allegations in this Paragraph are denied.

40.     Defendants assert that the Proxy Statement dated May 13, 2010, speaks for itself, and the Court is referred to that document for a complete and accurate statement of its contents.  Defendants admit that Charles Schwab is the Chairman and a trustee of the Charles Schwab Family of Funds and Schwab Investments.  To the extent that any further response is required, the remaining allegations in this Paragraph are denied.

41.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

42.     Defendants admit that the Trust is managed by a Board of Trustees that manages and holds Trust property for the benefit of the shareholders.  To the extent this Paragraph quotes from a November 15, 2005, Statement of Additional Information, as amended December 9, 2005,

1   that document speaks for itself, and the Court is referred to that document for a complete and

2   accurate statement of its contents.  The remainder of this Paragraph contains legal conclusions

3   and not factual statements for which any response is required.  To the extent that any further

4   response is required, the remaining allegations in this Paragraph are denied.

5        43.   Defendants admit that the Trustees serve with respect to multiple Schwab Funds.

6   To the extent this Paragraph relies upon the Fund's Prospectus dated November 15, 2007, that

7   document speaks for itself and the Court is referred to that document for a complete and accurate

8   statement of its contents.  To the extent that any further response is required, the remaining

9   allegations in this Paragraph are denied.

10       44.   Defendants admit the years of service, number of portfolios overseen, and annual

11  compensation listed in this Paragraph for each Trustee as of August 31, 2007.  Except as

12  otherwise admitted, the remaining allegations in this Paragraph are denied.

13       45.   Defendants admit that Joseph H. Wender and John F. Cogan replaced Robert G.

14  Holmes and Donald F. Dorward as Trustees in 2008.  To the extent this Paragraph relies upon the

15  Fund's Amended Prospectus dated June 13, 2008, that document speaks for itself and the Court is

16  referred to that document for a complete and accurate statement of its contents.  The remainder of

17  this Paragraph contains defined terms for the FAC and not factual statements for which any

18  response is required.  To the extent that any further response is required, the remaining allegations

19  in this Paragraph are denied.

20       46.   Defendants deny the allegations of this Paragraph.

21       47.   Defendants admit that the Trustees were first added as defendants in Plaintiff's

22  Second Amended Complaint dated September 28, 2010.  The remainder of this Paragraph

23  contains conclusions of law and not factual statements for which any response is required.  To the

24  extent that any further response is required, the allegations in this Paragraph are denied.

25       48.   Defendants admit that neither the Fund's shareholders nor the shareholders in any

26  other series of Schwab Investments are required to vote on appointment of the Trustees.  Except

27  as otherwise admitted, the allegations in this Paragraph are denied.

28       49.   Defendants admit that Charles Schwab and Randall Merk are not independent

trustees pursuant to federal law and regulations and, therefore, they are not compensated by the Fund.  Except as otherwise admitted, the allegations in this Paragraph are denied.

50.     Defendants admit that Schwab Investments has entered into an Investment Advisory Agreement ("IAA") with CSIM to provide certain management and advisory services to it.  The Court is referred to the IAA for a complete and accurate statement of its contents.  Except as otherwise admitted, the allegations in this Paragraph are denied.

51.     Defendants admit that CSIM provides investment advisory and management services to the Fund pursuant to the IAA, which the Court is referred to for a complete and accurate statement of its contents.  Defendants admit that CSIM is paid a fee by the Fund for these services.  Defendants admit that CSIM is a wholly owned subsidiary of The Charles Schwab Corporation.  Except as otherwise admitted, the allegations in this Paragraph are denied.

52.     Defendants admit that CSIM provides investment advisory and management services to all funds that comprise Schwab Investments.  Except as otherwise admitted, the allegations in this Paragraph are denied.

53.     Defendants deny the allegations in this Paragraph.  To the extent this Paragraph quotes from certain documents, the Court is referred to those documents for a complete and accurate statement of their contents.

54.     Defendants assert that Schwab Investments' Definitive Proxy Statement dated March 24, 2000, speaks for itself, and the Court is referred to that document for a complete and accurate statement of its contents.  The remainder of this Paragraph contains legal conclusions and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

55.     Defendants assert that the letter referred to in this Paragraph speaks for itself, and the Court is referred to that document for a complete and accurate statement of its contents.  The remainder of this Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

56.     Defendants assert that the August 31, 2007, Annual Report speaks for itself and

1    the Court is referred to that document for a complete and accurate statement of its contents.  The

2    remainder of this Paragraph contains conclusions of law and not factual statements for which any

3    response is required.  To the extent that any further response is required, the allegations in this

4    Paragraph are denied.

5        57.    This Paragraph contains conclusions of law and not factual statements for which

6    any response is required.  To the extent that any further response is required, the allegations in

7    this Paragraph are denied.

8        58.    Defendants assert that the Funds' prospectuses speak for themselves and the Court

9    is referred to those documents for a complete and accurate statement of their contents.  To the

10   extent that any further response is required, the remaining allegations in this Paragraph are

11   denied.

12       59.    Defendants deny the allegations in this Paragraph.  To the extent this Paragraph

13   relies upon or quotes from certain documents, those documents speak for themselves and the

14   Court if referred to them for a complete and accurate statement of their contents.

15       60.    This Paragraph contains conclusions of law and not factual statements for which

16   any response is required.  To the extent that any further response is required, the allegations in

17   this Paragraph are denied.

18       61.    This Paragraph contains conclusions of law and not factual statements for which

19   any response is required.  To the extent that any further response is required, the allegations in

20   this Paragraph are denied.

21       62.    Defendants deny the allegations in this Paragraph.  To the extent this Paragraph

22   quotes from the "Charles Schwab" website and an article by Mark Riepe, those documents speak

23   for themselves and the Court is referred to those documents for a complete and accurate statement

24   of their contents.  To the extent that any further response is required, the remaining allegations in

25   this Paragraph are denied.

26       63.    Defendants admit that the Trustees review the performance and fees of CSIM on

27   an annual basis and have never selected an entity other than CSIM to serve as an investment

28   manager.  Except as otherwise admitted, the remaining allegations in this Paragraph are denied.

64.     Defendants admit that the SEC filed an action against CSIM on January 11, 2011, regarding an unrelated short-term bond fund that was also managed by it, the YieldPlus Fund. Defendants further admit this action was settled without an admission of liability for more than $118 million.  To the extent this Paragraph relies upon the Litigation Release No. 21806, filed in that action, that document speaks for itself and the Court is referred to that document for a complete and accurate statement of its contents.  To the extent that any further response is required to this Paragraph, the remaining allegations are denied.

65.     Defendants admit that the SEC filed an action against Randall Merk and Kimon Daifotis on January 11, 2011.  Defendants lack any knowledge of any charges filed against any individual named "Damon Daifotis" and deny that such an individual held the positions listed in this Paragraph.  To the extent this Paragraph relies upon the complaint filed by the SEC against Messrs. Merk and Daifotis, the document speaks for itself and the Court is referred to that document for a complete and accurate statement of its contents. Defendants deny that the complaint contains accurate statements of fact.  Except as otherwise admitted, the remaining allegations in this Paragraph are denied.

66.     Defendants admit that the Trustees did not terminate the IAA or seek additional compensation from CSIM.  Except as otherwise admitted, the allegations in this Paragraph are denied.

67.     To the extent this Paragraph relies upon this Court's March 2, 2011, Order and the Reply Memorandum, those documents speak for themselves and the Court is referred to those documents for a complete and accurate statement of their contents.  To the extent that any further response is required, the allegations in this Paragraph are denied.

68.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

69.     Defendants deny the allegations of this Paragraph.

70.     Defendants deny the allegations in this Paragraph.  *See* October 5, 2015 Order [D.E. 229].

71.     This Paragraph contains descriptions of the FAC and not statements of fact for which a response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

72.     Defendants deny the allegations in this Paragraph.  *See* October 5, 2015 Order [D.E. 229].

73.     Defendants admit that the Fund had over $1.5 billion in assets and approximately 150 million shares outstanding as of August 31, 2007.  The remainder of this Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

74.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

75.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

76.     This Paragraph (including its sub-paragraphs) contain conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

77.     This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

78.     Defendants admit the allegations in this Paragraph.

79.     Defendants admit that, prior to 1997, the investment objective of the Schwab Long-Term Government Bond Fund was to provide a high level of current income consistent with preservation of capital by investing primarily in securities issued by the United States Government, its agencies or instrumentalities and repurchase agreements covering those securities.  To the extent this Paragraph purports to quote from an unidentified document, Defendants refer the Court to that document for a complete and accurate statement of its contents.

80.     Defendants admit that a fundamental investment objective cannot be changed without a shareholder vote.  Except as otherwise admitted, the allegations in this Paragraph are denied.  To the extent this Paragraph quotes from unidentified documents, the Court is referred to those documents for a complete and accurate statement of their contents.

81.     Defendants deny the allegations in this Paragraph.

82.     Defendants admit that the Government Bond Fund had $24.8 million in investment assets as of August 31, 1997.  Except as otherwise admitted, the allegations in this Paragraph are denied.

83.     Defendants admit the allegations in this Paragraph.

84.     Defendants admit that shareholder approval was sought in 1997 to change the investment objective of the Fund to attempt to provide a high level of current income consistent with preservation of capital by seeking to track the investment results of a particular bond index.  Defendants admit that the bond index the Fund sought to track was the Lehman Brothers [U.S.] Aggregate Bond Index.  To the extent this Paragraph attempts to characterize the 1997 Proxy Statement, that document speaks for itself and the Court is referred to that document for a complete and accurate statement of its contents.  Except as otherwise admitted, the allegations in this Paragraph are denied.

85.     Defendants admit that the Fund's investment objective can only be changed with shareholder approval.  To the extent this Paragraph relies upon the 1997 Proxy Statement, that document speaks for itself and the Court is referred to that document for a complete and accurate statement of its contents.

86.     Defendants admit that the Lehman Brothers [U.S.] Aggregate Bond Index is a broad, market-weighted index that includes a variety of investment-grade securities, including mortgage-backed securities.  To the extent this Paragraph purports to quote from the 1997 Proxy Statement, that document speaks for itself and the Court is referred to that documents for a complete and accurate statement of its contents.

87.     Defendants admit the allegations in this Paragraph.

88.     To the extent this Paragraph purports to quote from the 1997 Proxy Statement, that

1   document speaks for itself and the Court is referred to that document for a complete and accurate

2   statement of its contents.  The allegations in this Paragraph are otherwise denied.

3           89.     To the extent this Paragraph purports to quote from the 1997 Proxy Statement, that

4   document speaks for itself and the Court is referred to that document for a complete and accurate

5   statement of its contents.  The allegations in this Paragraph are otherwise denied.

6           90.     Defendants admit that the 1997 Proxy Statement's Proposal No. 3 included the

7   language "eliminate, reclassify or amend each Fund's fundamental investment restrictions."  To

8   the extent this Paragraph purports to quote from the 1997 Proxy Statement, that document speaks

9   for itself and the Court is referred to that document for a complete and accurate statement of its

10   contents.  The allegations in this Paragraph are otherwise denied.

11           91.     To the extent this Paragraph purports to quote from the 1997 Proxy Statement, that

12   document speaks for itself and the Court is referred to that document for a complete and accurate

13   statement of its contents.  The allegations in this Paragraph are otherwise denied.

14           92.     Defendants admit that the 1997 Proxy Statement's Proposal #3 proposed a change

15   in the definition of "concentration" that would permit the Fund to invest more than 25% of its

16   total assets in an industry in order to track the Lehman Index.  To the extent this Paragraph

17   purports to quote from the 1997 Proxy Statement, that document speaks for itself and the Court is

18   referred to that document for a complete and accurate statement of its contents.  Except as

19   otherwise admitted, the allegations in this Paragraph are denied.

20           93.     Defendants admit that the reason for the change in the concentration policy

21   proposed in 1997 was to provide the Fund with greater flexibility in managing its assets.  To the

22   extent this Paragraph purports to quote from the 1997 Proxy Statement, that document speaks for

23   itself and the Court is referred to that document for a complete and accurate statement of its

24   contents.  Except as otherwise admitted, the allegations in this Paragraph are denied.

25           94.     The allegations in this Paragraph contain legal conclusions and not factual

26   statement to which a response is required.  To the extent that any further response is required, the

27   allegations in this Paragraph are denied.

28           95.     Defendants admit that the proposals in the 1997 Proxy Statement were approved

by the Fund's shareholders.  To the extent this Paragraph purports to quote from a Prospectus

Supplement, that document speaks for itself and the Court is referred to that document for a

complete and accurate statement of its contents.  Except as otherwise admitted, the allegations in

this Paragraph are denied.

96.     To the extent this Paragraph purports to quote from a Prospectus Supplement, that

document speaks for itself and the Court is referred to that document for a complete and accurate

statement of its contents.  Except as otherwise admitted, the allegations in this Paragraph are

denied.

97.     The allegations in this Paragraph contain conclusions of law and not factual

statements to which a response is required.  To the extent a further response is required, the

allegations in this Paragraph are denied.  To the extent this Paragraph relies upon the 1997 Proxy

Statement, that document speaks for itself and the Court is referred to that document for a

complete and accurate statement of its contents.

98.     The allegations in this Paragraph state conclusions of law and not factual

statements to which a response is required.  To the extent that any further response is required, the

allegations in this Paragraph are denied.

99.     The allegations in this Paragraph contain conclusions of law and not factual

statements to which a response is required.  To the extent that any further response is required, the

remaining allegations in this Paragraph are denied.  To the extent this Paragraph purports to quote

certain unidentified documents, those documents speak for themselves and the Court is referred to

those documents for a complete and accurate statement of their contents.

100.     This Paragraph contains conclusions of law and not factual statements for which

any response is required.  To the extent that any further response is required, the allegations in

this Paragraph are denied.

101.     Defendants admit that the Fund disclosed its investments in government agency

and non-agency mortgage-backed securities.  Defendants admit that the government agencies that

issue mortgage-backed securities are the Governmental National Mortgage Association (referred

to as Ginnie Mae), the Federal National Mortgage Association (referred to as Fannie Mae), and

1   the Federal Home Loan Mortgage Association (referred to as Freddie Mac).  Defendants admit

2   that these agencies are sometimes described as Government Sponsored Enterprises or GSEs.

3   Except as otherwise admitted, Defendants lack sufficient information to form an opinion as to the

4   truth of the remaining allegations in this Paragraph, and therefore deny the remainder of the

5   allegations.

6          102.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

7   allegations in this Paragraph, and therefore deny the allegations.

8          103.    Defendants admit that the Fund disclosed its investments in government agency

9   mortgage-backed securities.  Except as otherwise admitted, Defendants lack sufficient knowledge

10  to form an opinion as to the truth of the remaining allegations in this Paragraph, and therefore

11  denies the remainder of the allegations.  To the extent this Paragraph relies upon the 1997 Proxy

12  Statement, that document speaks for itself and the Court is referred to that document for a

13  complete and accurate statement of its contents.

14         104.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

15  allegations in this Paragraph, and therefore deny the allegations.

16         105.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

17  allegations in this Paragraph, and therefore deny the allegations.

18         106.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

19  allegations in this Paragraph, and therefore deny the allegations.

20         107.    Defendants lack sufficient knowledge to form an opinion as to the truth of the

21  allegations in this Paragraph, and therefore deny the allegations.

22         108.    Defendants admit that the Fund performed in a manner that was consistent with the

23  Lehman Index from August 31, 1997, through August 31, 2007.  Defendants further assert that

24  the rates of return for both the Fund and the Index are a matter of public record and speak for

25  themselves.  Except as otherwise admitted, the allegations in this Paragraph are denied.

26         109.    Defendants admit that the Fund's assets grew from approximately $24 million as

27  of August 31, 1997, to approximately $1.5 billion as of August 31, 2007.  Except as otherwise

28  admitted, the allegations in this Paragraph are denied.

110.   Defendants admit that 37% of the Fund's total assets were invested in CMOs on August 31, 2007.  Defendants deny the remaining allegations in this Paragraph.

111.   Defendants admit that the Fund underperformed the Lehman Index at various times.  The relative performances of the Fund and the Index between August 31, 2007, and February 27, 2009, are a matter of public record and speak for themselves.  Except as otherwise admitted, the allegations in this Paragraph are denied.

112.   Defendants admit that the Fund invested in non-agency collateralized mortgage obligations ("CMOs") and disclosed those investments.  Defendants admit that non-agency CMOs are not necessarily subject to the same underwriting requirements as securities issued by Ginnie Mae, Fannie Mae, and/or Freddie Mac.  Except as otherwise admitted, the allegations in this Paragraph are denied.

113.   Defendants admit that CMOs in which the Fund invested were sponsored by numerous parties, including Citigroup, Merrill Lynch, Countrywide, Bear Stearns, IndyBank, Lehman Brothers, and Washington Mutual.  Except as otherwise admitted, the allegations in this Paragraph are denied.

114.   This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.

115.   Defendants deny the allegations in this Paragraph.

116.   Defendants admit that 37% of the Fund's total assets were invested in CMOs on August 31, 2007.  Defendants otherwise lack sufficient knowledge to form an opinion as to the truth of the remaining allegations in this Paragraph because it does not identify the other purported "analyses" to which it refers, and therefore denies those allegations.

117.   Defendants lack sufficient knowledge to form an opinion as to the truth of the percentage included in this Paragraph, and therefore deny the allegations.  The remaining allegations in this Paragraph are denied.

118.   Defendants lack sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and therefore deny the allegations.

119.    Defendants lack sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and therefore deny the allegations.  To the extent this Paragraph relies upon a joint Statement on Subprime Mortgage Lending, that document speaks for itself and the Court is referred to that document for a complete and accurate statement of its contents.

120.    Defendants deny the allegations in this Paragraph.

121.    Defendants lack sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and therefore deny the allegations.  To the extent this Paragraph purports to rely on a Bloomberg terminal chart, that chart speaks for itself and the Court is referred to it for a complete and accurate depiction of its contents.

122.    Defendants deny the allegations in this Paragraph.

123.    Defendants admit that the Fund's performance has substantially tracked the Lehman Index since at least February 27, 2009.  Except as otherwise admitted, the allegations in this Paragraph are denied.

**FIRST CLAIM FOR RELIEF**

124.    Defendants repeat and incorporate by reference their responses to the foregoing paragraphs herein.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

125.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

126.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

127.    Defendants admit that the Schwab Trustees were trustees of Schwab Investments, which is a Massachusetts Business Trust.  Defendants deny that Plaintiff was a beneficiary of that Trust.  The remainder of this Paragraph contains conclusions of law and not factual statements for

1  which any response is required.  To the extent that any further response is required, the

2  allegations in this Paragraph are denied.  To the extent this Paragraph purports to quote from a

3  March 24, 2000 Proxy Statement, that document speaks for itself and the Court is referred to that

4  document for a complete and accurate statement of its contents.  Further, this Court's Order dated

5  October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted

6  against the Trust.

7      128.   Defendants admit that Charles Schwab has served as a trustee of Schwab

8  Investments and is a shareholder of Schwab Corp.  The remainder of this Paragraph contains

9  conclusions of law and not factual statements for which any response is required.  To the extent

10  that any further response is required, the allegations in this Paragraph are denied.  Further, this

11  Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it

12  has been asserted against the Trust.

13      129.   This Paragraph contains conclusions of law and not factual statements for which

14  any response is required.  To the extent that any further response is required, Defendants lack

15  sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and

16  therefore deny the allegations. Further, this Court's Order dated October 5, 2015, dismissed this

17  claim for relief with prejudice to the extent it has been asserted against the Trust.

18      130.   This Paragraph contains conclusions of law and not factual statements for which

19  any response is required.  To the extent that any further response is required, the allegations in

20  this Paragraph are denied.  Further, this Court's Order dated October 5, 2015, dismissed this

21  claim for relief with prejudice to the extent it has been asserted against the Trust.

22      131.   Defendants deny the allegations in this Paragraph.  Further, this Court's Order

23  dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been

24  asserted against the Trust.

25      132.   Defendants deny the allegations in this Paragraph.  Further, this Court's Order

26  dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been

27  asserted against the Trust.

28      133.   Defendants deny the allegations in this Paragraph.  Further, this Court's Order

1    dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been

2    asserted against the Trust.

3         134.    Defendants deny the allegations in this Paragraph.  Further, this Court's Order

4    dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been

5    asserted against the Trust.

6                              **SECOND CLAIM FOR RELIEF**

7         135.    Defendants repeat and incorporate by reference their responses to the foregoing

8    paragraphs herein.

9         136.    This Paragraph contains conclusions of law and not factual statements for which

10   any response is required.  To the extent that any further response is required, the allegations in

11   this Paragraph are denied.

12        137.    Defendants admit that the Advisor serves as the investment adviser and

13   administrator of Schwab Investments.  Defendants assert that the Investment Advisory and

14   Administrative Agreement speaks for itself.  The remaining allegations in this Paragraph do not

15   contain factual statements for which any response is required.  To the extent that any further

16   response is required, the remaining allegations in this Paragraph are denied.

17        138.    To the extent this Paragraph purports to quote from the IAA, it speaks for itself

18   and the Court is referred to that document for a complete and accurate statement of its contents.

19   The remaining allegations in this Paragraph do not contain factual statements for which any

20   response is required.  To the extent that any further response is required, the remaining allegations

21   in this Paragraph are denied.

22        139.    To the extent this Paragraph purports to quote from the IAA, it speaks for itself

23   and the Court is referred to that document for a complete and accurate statement of its contents.

24   The remaining allegations in this Paragraph are conclusions of law and not factual statements for

25   which any response is required.  To the extent that any further response is required, the remaining

26   allegations in this Paragraph are denied.

27        140.    This Paragraph contains conclusions of law and not factual statements for which

28   any response is required.  To the extent that any further response is required, Defendants lack

1   sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and

2   therefore deny the allegations.

3        141.    This Paragraph contains conclusions of law and not factual statements for which

4   any response is required.  To the extent that any further response is required, the allegations in

5   this Paragraph are denied.

6        142.    Defendants deny the allegations in this Paragraph.

7        143.    Defendants deny the allegations in this Paragraph.

8        144.    Defendants deny the allegations in this Paragraph.

9        145.    Defendants deny the allegations in this Paragraph.

10                            **THIRD CLAIM FOR RELIEF**

11        146.    Defendants repeat and incorporate by reference their responses to the foregoing

12   paragraphs herein.

13        147.    This Paragraph contains conclusions of law and not factual statements for which

14   any response is required.  To the extent that any further response is required, the allegations in

15   this Paragraph are denied.

16        148.    Defendants deny the allegations in this Paragraph.

17        149.    Defendants deny the allegations in this Paragraph.

18        150.    Defendants deny the allegations in this Paragraph.

19        151.    Defendants deny the allegations in this Paragraph.

20                        **FOURTH CLAIM FOR RELIEF**

21        152.    Defendants repeat and incorporate by reference their responses to the foregoing

22   paragraphs herein.

23        153.    This Paragraph contains conclusions of law and not factual statements for which

24   any response is required.  To the extent that any further response is required, the allegations in

25   this Paragraph are denied.

26        154.    Defendants deny the allegations in this Paragraph.

27        155.    Defendants deny the allegations in this Paragraph.

28        156.    Defendants deny the allegations in this Paragraph.

1    157.    Defendants deny the allegations in this Paragraph.

2    **FIFTH CLAIM FOR RELIEF**

3    158.    Defendants repeat and incorporate by reference their responses to the foregoing

4    paragraphs herein.  Moreover, this Court's Order dated October 5, 2015, dismissed this claim for

5    relief with prejudice.  Accordingly, no response is required.  To the extent a response is required,

6    the allegations in this Paragraph are denied.

7    159.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

8    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

9    allegations in this Paragraph are denied.

10   160.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

11   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

12   allegations in this Paragraph are denied.

13   161.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

14   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

15   allegations in this Paragraph are denied.

16   162.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

17   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

18   allegations in this Paragraph are denied.

19   163.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

20   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

21   allegations in this Paragraph are denied.

22   164.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

23   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

24   allegations in this Paragraph are denied.

25   165.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

26   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

27   allegations in this Paragraph are denied.

28   166.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

167.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

168.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

169.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

170.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

171.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

172.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

173.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

174.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

175.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the

1   allegations in this Paragraph are denied.

2       176.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

3   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

4   allegations in this Paragraph are denied.

5                          **SIXTH CLAIM FOR RELIEF**

6       177.    Defendants repeat and incorporate by reference their responses to the foregoing

7   paragraphs herein.  Moreover, this Court's Order dated October 5, 2015, dismissed this claim for

8   relief with prejudice.  Accordingly, no response is required.  To the extent a response is required,

9   the allegations in this Paragraph are denied.

10      178.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

11  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

12  allegations in this Paragraph are denied.

13      179.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

14  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

15  allegations in this Paragraph are denied.

16      180.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

17  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

18  allegations in this Paragraph are denied.

19      181.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

20  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

21  allegations in this Paragraph are denied.

22      182.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

23  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

24  allegations in this Paragraph are denied.

25      183.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

26  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

27  allegations in this Paragraph are denied.

28      184.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

1   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

2   allegations in this Paragraph are denied.

3       185.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

4   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

5   allegations in this Paragraph are denied.

6       186.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

7   prejudice.  Accordingly, no response is required.  To the extent a response is required, the

8   allegations in this Paragraph are denied.

9       187.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

10  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

11  allegations in this Paragraph are denied.

12      188.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

13  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

14  allegations in this Paragraph are denied.

15      189.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

16  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

17  allegations in this Paragraph are denied.

18                    **SEVENTH CLAIM FOR RELIEF**

19      190.    Defendants repeat and incorporate by reference their responses to the foregoing

20  paragraphs herein.  Moreover, this Court's Order dated October 5, 2015, dismissed this claim for

21  relief with prejudice.  Accordingly, no response is required.  To the extent a response is required,

22  the allegations in this Paragraph are denied.

23      191.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

24  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

25  allegations in this Paragraph are denied.

26      192.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

27  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

28  allegations in this Paragraph are denied.

193.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

**EIGHTH CLAIM FOR RELIEF**

194.    Defendants repeat and incorporate by reference their responses to the foregoing paragraphs herein.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

195.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

196.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

197.    Defendants admit that the Schwab Trustees were trustees of Schwab Investments, which is a Massachusetts Business Trust.  Defendants deny that Plaintiff was a beneficiary of that Trust.  The remainder of this Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  To the extent this Paragraph purports to quote from a March 24, 2000 Proxy Statement, that document speaks for itself and the Court is referred to that document for a complete and accurate statement of its contents.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

198.    Defendants admit that Charles Schwab has served as a trustee of Schwab Investments and is a shareholder of Schwab Corp.  The remainder of this Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  Further, this

Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

199.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, Defendants lack sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and therefore deny the allegations. Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

200.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in this Paragraph are denied.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

201.    Defendants deny the allegations in this Paragraph.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

202.    Defendants deny the allegations in this Paragraph.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

203.    Defendants deny the allegations in this Paragraph.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

204.    Defendants deny the allegations in this Paragraph.  Further, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice to the extent it has been asserted against the Trust.

**NINTH CLAIM FOR RELIEF**

205.    Defendants repeat and incorporate by reference their responses to the foregoing paragraphs herein.

206.    This Paragraph contains conclusions of law and not factual statements for which any response is required.  To the extent that any further response is required, the allegations in

1  this Paragraph are denied.

2       207.    Defendants admit that the Advisor serves as the investment adviser and

3  administrator of Schwab Investments.  Defendants assert that the Investment Advisory and

4  Administrative Agreement speaks for itself.  The remaining allegations in this Paragraph do not

5  contain factual statements for which any response is required.  To the extent that any further

6  response is required, the remaining allegations in this Paragraph are denied.

7       208.    To the extent this Paragraph purports to quote from the IAA, it speaks for itself

8  and the Court is referred to that document for a complete and accurate statement of its contents.

9  The remaining allegations in this Paragraph do not contain factual statements for which any

10  response is required.  To the extent that any further response is required, the remaining allegations

11  in this Paragraph are denied.

12       209.    To the extent this Paragraph purports to quote from the IAA, it speaks for itself

13  and the Court is referred to that document for a complete and accurate statement of its contents.

14  The remaining allegations in this Paragraph are conclusions of law and not factual statements for

15  which any response is required.  To the extent that any further response is required, the remaining

16  allegations in this Paragraph are denied.

17       210.    This Paragraph contains conclusions of law and not factual statements for which

18  any response is required.  To the extent that any further response is required, Defendants lack

19  sufficient knowledge to form an opinion as to the truth of the allegations in this Paragraph, and

20  therefore deny the allegations.

21       211.    This Paragraph contains conclusions of law and not factual statements for which

22  any response is required.  To the extent that any further response is required, the allegations in

23  this Paragraph are denied.

24       212.    Defendants deny the allegations in this Paragraph.

25       213.    Defendants deny the allegations in this Paragraph.

26       214.    Defendants deny the allegations in this Paragraph.

27       215.    Defendants deny the allegations in this Paragraph.

28

1

**TENTH CLAIM FOR RELIEF**

2    216.    Defendants repeat and incorporate by reference their responses to the foregoing

3    paragraphs herein.

4    217.    This Paragraph contains conclusions of law and not factual statements for which

5    any response is required.  To the extent that any further response is required, the allegations in

6    this Paragraph are denied.

7    218.    Defendants deny the allegations in this Paragraph.

8    219.    Defendants deny the allegations in this Paragraph.

9    220.    Defendants deny the allegations in this Paragraph.

10    221.    Defendants deny the allegations in this Paragraph.

11

**ELEVENTH CLAIM FOR RELIEF**

12    222.    Defendants repeat and incorporate by reference their responses to the foregoing

13    paragraphs herein.

14    223.    This Paragraph contains conclusions of law and not factual statements for which

15    any response is required.  To the extent that any further response is required, the allegations in

16    this Paragraph are denied.

17    224.    Defendants deny the allegations in this Paragraph.

18    225.    Defendants deny the allegations in this Paragraph.

19    226.    Defendants deny the allegations in this Paragraph.

20    227.    Defendants deny the allegations in this Paragraph.

21

**TWELFTH CLAIM FOR RELIEF**

22    228.    Defendants repeat and incorporate by reference their responses to the foregoing

23    paragraphs herein.  Moreover, this Court's Order dated October 5, 2015, dismissed this claim for

24    relief with prejudice.  Accordingly, no response is required.  To the extent a response is required,

25    the allegations in this Paragraph are denied.

26    229.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

27    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

28    allegations in this Paragraph are denied.

230.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

231.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

232.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

233.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

234.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

235.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

236.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

237.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

238.   This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

239.   This Court's Order dated October 5, 2015, dismissed this claim for relief with

1    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

2    allegations in this Paragraph are denied.

3        240.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

4    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

5    allegations in this Paragraph are denied.

6        241.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

7    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

8    allegations in this Paragraph are denied.

9        242.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

10    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

11    allegations in this Paragraph are denied.

12        243.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

13    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

14    allegations in this Paragraph are denied.

15        244.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

16    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

17    allegations in this Paragraph are denied.

18        245.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

19    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

20    allegations in this Paragraph are denied.

21        246.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

22    prejudice.  Accordingly, no response is required.  To the extent a response is required, the

23    allegations in this Paragraph are denied.

24                         **THIRTEENTH CLAIM FOR RELIEF**

25        247.    Defendants repeat and incorporate by reference their responses to the foregoing

26    paragraphs herein.  Moreover, this Court's Order dated October 5, 2015, dismissed this claim for

27    relief with prejudice.  Accordingly, no response is required.  To the extent a response is required,

28    the allegations in this Paragraph are denied.

1       248.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

2  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

3  allegations in this Paragraph are denied.

4       249.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

5  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

6  allegations in this Paragraph are denied.

7       250.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

8  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

9  allegations in this Paragraph are denied.

10       251.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

11  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

12  allegations in this Paragraph are denied.

13       252.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

14  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

15  allegations in this Paragraph are denied.

16       253.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

17  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

18  allegations in this Paragraph are denied.

19       254.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

20  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

21  allegations in this Paragraph are denied.

22       255.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

23  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

24  allegations in this Paragraph are denied.

25       256.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

26  prejudice.  Accordingly, no response is required.  To the extent a response is required, the

27  allegations in this Paragraph are denied.

28       257.    This Court's Order dated October 5, 2015, dismissed this claim for relief with

prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

258.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

259.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

**FOURTEENTH CLAIM FOR RELIEF**

260.    Defendants repeat and incorporate by reference their responses to the foregoing paragraphs herein.  Moreover, this Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

261.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

262.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

263.    This Court's Order dated October 5, 2015, dismissed this claim for relief with prejudice.  Accordingly, no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to the First, Second, Third, Fourth, Eighth, Ninth, Tenth, and Eleventh Causes of Action (the "Remaining Claims") in the Complaint. Every other cause of action in the Fourth Amended Complaint was dismissed with prejudice in this Court's October 5, 2015, Order.  Defendants reserve the right to modify, clarify, amend, or

1  supplement these affirmative defenses, as may be appropriate at a later time.

2  ### First Affirmative Defense

3  The Remaining Claims are precluded by the Securities Litigation Uniform Standards Act

4  (SLUSA).

5  ### Second Affirmative Defense

6  The Remaining Claims fail to state a claim upon which relief may be granted.

7  ### Third Affirmative Defense

8  The Remaining Claims are barred by the applicable Statute of Limitations under

9  Massachusetts law or any other applicable law.

10 ### Fourth Affirmative Defense

11 The Remaining Claims are barred because Plaintiff and the putative class members have

12 not suffered any injury.  In the alternative, any claimed damages are speculative and thus are not

13 recoverable.

14 ### Fifth Affirmative Defense

15 The Remaining Claims are barred because Plaintiff, and the putative class members, have

16 already received compensation for the harms alleged herein and such prior compensation must

17 off-set any potential recovery here.

18 ### Sixth Affirmative Defense

19 The Remaining Claims are not properly maintained as a class action.

20 ### Seventh Affirmative Defense

21 The Remaining Claims are barred, in whole or in part, by laches, equitable estoppel,

22 waiver, or other related equitable doctrines.

23 ### Eighth Affirmative Defense

24 Plaintiff lacked standing to file this lawsuit, rendering all amended complaints (including

25 the Fourth Amended Complaint) null and void.

26 ### Ninth Affirmative Defense

27 Plaintiff lacks standing because the Remaining Claims are derivative claims that belong to

28 the Trust, if anyone, and Plaintiff has failed to satisfy the statutory pre-requisites for asserting a

1  derivative claim.

2  **Tenth Affirmative Defense**

3  The Remaining Claims are barred because at all relevant times the Defendants relied upon

4  information, opinions, reports or records presented by or prepared by other persons as to matters

5  which the Trustees reasonably believe to be within such person's professional or expert

6  competence.

7  **Eleventh Affirmative Defense**

8  Claims One and Eight are barred because the Trustees are protected by an exculpatory

9  clause in the Declaration of Trust.

10  **Twelfth Affirmative Defense**

11  Claims Three, Four, Nine, and Ten are barred because aiding and abetting claims cannot

12  be maintained in the absence of any underlying claims for relief.

13  **Thirteenth Affirmative Defense**

14  Plaintiff and the putative class have failed to mitigate their damages.

15  **Fourteenth Affirmative Defense**

16  The Court lacks subject matter jurisdiction over the Remaining Claims.

17

18  **PRAYER**

19  WHEREFORE the Defendants pray as follows:

20  1.      Judgment be entered in favor of the Defendants;

21  2.      Plaintiffs' prayer for class certification, appointment of class counsel,

22  compensatory damages, disgorgement, injunctive relief, attorneys' costs and expenses,

23  recessionary damages, exemplary damages, punitive damages, and other equitable relief be

24  denied.

25

26

27

28

1   Dated: October 13, 2015

2

Respectfully Submitted,

DECHERT LLP

3

By: /s/ *Joshua D.N. Hess*

4   Matthew L. Larrabee
    Joshua D. N. Hess

5   One Bush Street, Suite 1600
    San Francisco, CA 94104

6

7   Attorneys for Schwab Investments; Mariann
    Byerwalter, Donald F. Dorward, William A.
    Hasler, Robert G. Holmes, Gerald B. Smith,

8   Donald R. Stephens, Michael W. Wilsey,
    Charles R. Schwab, Randall W. Merk, Joseph
    H. Wender, John F. Cogan, and Charles

9   Schwab Investment Management, Inc.

10

11

12   QUINN EMANUEL URQUHART &
     SULLIVAN, LLP

13

By: /s/ *Karin Kramer*

14   Richard A. Schirtzer
     Karin Kramer

15   50 California Street, 22nd Floor
     San Francisco, CA 94111

16

17   Attorneys for Mariann Byerwalter, Donald F.
     Dorward, William A. Hasler, Robert G.
     Holmes, Gerald B. Smith, Donald R. Stephens,

18   Michael W. Wilsey, Charles R. Schwab,
     Randall W. Merk, Joseph H. Wender and John

19   F. Cogan

20

21

22

23

24

25

26

27

28