Matthew L. Larrabee, Esq. (SBN 97147)
matthew.larrabee@dechert.com
Joshua D. N. Hess, Esq. (SBN 244115)
joshua.hess@dechert.com
Brian Raphel, Esq. (SBN 293788)
brian.raphel@dechert.com
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 262-4500
Facsimile: (415) 262-4555

Attorneys for Defendants

[Additional Counsel On Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHWAB INVESTMENTS; MARIANN BYERWALTER, DONALD F. DORWARD, WILLIAM A. HASLER, ROBERT G. HOLMES, GERALD B. SMITH, DONALD R. STEPHENS, MICHAEL W. WILSEY, CHARLES R. SCHWAB, RANDALL W. MERK, JOSEPH H. WENDER and JOHN F. COGAN, as Trustees of Schwab Investments; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>Defendants. | Case No.  08-cv-04119-LHK<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. 12(c))**<br><br>Date:        February 25, 2016<br>Time:        1:30 P.M.<br>Courtroom: 8, 4th Floor, San Jose<br>Judge:       Honorable Lucy H. Koh |

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

TO NORTHSTAR FINANCIAL ADVISORS, INC. AND ITS COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT, on February 25, 2016, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 8, Fourth Floor, Defendants Charles Schwab Investment Management, Inc., Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, Charles R. Schwab, Randall W. Merk, Joseph H. Wender and John F. Cogan will, and hereby do, move for judgment on the pleadings in this action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Civil Local Rule 7-2.

This motion is based on this notice of motion, the memorandum set forth below, the reply memorandum, the pleadings and papers on file in this action, and such other written or oral argument as may be presented before the motion is taken under submission by the Court.  Further, Defendants believe that it is appropriate for the Court to decide this matter without oral argument at the Court's earliest convenience after the matter is fully briefed on November 25, 2015.

## STATEMENT OF ISSUES

(Civil Local Rule 7-4)

1. Whether Plaintiff's remaining breach of fiduciary duty claims are precluded by the Securities Litigation Uniform Standards Act (SLUSA) because (a) they are brought under state law on behalf of more than 50 people; (b) this Court has already determined that the gravamen of this case is based on alleged misrepresentations or omissions in connection with the purchase or sale of a covered security; and (c) Plaintiff concedes that the breach of fiduciary duty claims are "essentially the same" as the breach of contract claims that this Court already determined were precluded by SLUSA?

2. Whether Plaintiff's remaining breach of fiduciary duty claims are exempt from SLUSA preclusion under the so-called "Delaware carve-out," even though this Court has already recognized that this case does not meet the statutory definition of a "permissible action" subject to the Delaware carve-out?

**INTRODUCTION**

In 2011, this Court dismissed *all* of Plaintiff's claims—including those for breach of fiduciary duty—as precluded under SLUSA and granted leave to amend only to permit Plaintiff to try to allege facts sufficient to avoid preclusion through the so-called "Delaware carve-out." *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 781 F. Supp. 2d 926, 934 (N.D. Cal. 2011) ("*Northstar III*").[1] Despite Plaintiff's serialized amendments, this Court recently reaffirmed on October 5 that "the essence of Northstar's claim" continues to "implicate[ ] the very sort of misrepresentations and omissions that fall within SLUSA's reach." *See* October 5, 2015, Order ("Oct. 5 Order") (ECF No. 229) at 32.  Moreover, despite Plaintiff's attempts to plead facts sufficient to invoke the "Delaware carve-out," this Court already ruled that the carve-out does not apply in this case. *Id.* at 39.  Accordingly, the Court dismissed Plaintiff's breach of contract, breach of covenant, and third-party beneficiary claims (the "Contract Claims") with prejudice. The Court decided, however, that it could not address whether the remaining breach of fiduciary duty claims were barred by SLUSA, under precisely the same reasoning, because of a procedural issue:  after asserting the SLUSA defense in response to the Second Amended Complaint ("SAC") (ECF No. 127), Defendants had not re-asserted that defense in responding to the Third Amended Complaint ("TAC") (ECF No. 181).  However, in accordance with Federal Rule of Civil Procedure 12(g), the Court determined that Defendants could assert the SLUSA defense as to the remaining fiduciary breach claims after it answered the complaint "in a pleading, a Rule 12(c) motion, or at trial." *Id.* at 11.

Consistent with that order, Defendants[2] have answered the complaint and now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because Plaintiff's

---

[1] This motion adopts the nomenclature the Court used in the Oct. 5 Order. to refer to the prior decisions in this case.

[2] The "Defendants" include Charles Schwab Investment Management, Inc., Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, Charles R. Schwab, Randall W. Merk, Joseph H. Wender and John F. Cogan. Although the Fourth Amended Complaint also lists Schwab Investments as a defendant, this Court dismissed all claims against Schwab Investments on October 5.

1  fiduciary duty claims are precluded by SLUSA for the same reasons its Contract Claims are
2  precluded.  This Court has "decided the SLUSA question twice" in Defendants' favor and now
3  Defendants ask this Court to again reach this same conclusion for a third and final time.  *See*
4  Declaration of Brian C. Raphel Ex. A (Oct. 14, 2015, Hearing Transcript) ("Hr'g. Tr.") at 10:13-
5  16.  The gravamen of this case is, was, and always will be, a traditional securities fraud case that,
6  under SLUSA, cannot be asserted under the guise of state common law.  Indeed, Plaintiff
7  concedes that the remaining breach of fiduciary duty claims are "essentially the same" as the
8  precluded Contract Claims and for this, among other reasons, the same outcome is warranted.  *Id.*
9  at 12:1-2.  Judgment against Plaintiff's remaining claims should be granted.

## BACKGROUND

11  Plaintiff is currently on its fifth attempt to state a valid claim, but each such attempt over
12  the last seven years has been based on the same core allegations:  Fund shareholders were
13  purportedly harmed when they purchased or held shares throughout the class period, in reliance
14  on the representations that the Fund's assets would be invested in one way when, unbeknownst to
15  the shareholders, Defendants had actually invested them differently.  As this Court recognized in
16  dismissing the SAC based on preclusion under SLUSA, the "central theme" of *all* of Plaintiff's
17  claims, including the breach of fiduciary duty claims once again asserted here, was "that
18  defendants made misrepresentations about how investments in the fund would be managed, that
19  Plaintiffs purchased Fund shares relying on these misrepresentations, and that Plaintiffs were
20  injured when these statements turned out to be false."[3]  *Northstar III*, 781 F. Supp. 2d at 934.
21  Even faced with this ruling, Plaintiff has persisted with the same core claim, making only minor
22  changes to the wording of the complaint to delete express references to misrepresentations.  As
23  the Court ruled in addressing the TAC, "[a]lthough Northstar has amended its Complaint three

---

[3] This Court "found all of Northstar's claims [in the SAC] precluded by [SLUSA]" but "with respect to Northstar's breach of fiduciary duty claim, the Court noted that it was possible for this claim to fall outside the scope of SLUSA preclusion through a statutory exception known as the Delaware carve-out.  Accordingly, Northstar was given leave to amend . . . in order to clarify whether this claim could indeed fall under the Delaware carve-out." Oct. 5 Order at 5, 6. However, Northstar failed to meet the requirements of the carve-out.  As set forth *infra*, the Delaware carve-out's inapplicability to this case is now also well settled.

times, *its core allegations remain the same*." *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 807 F. Supp. 2d 871, 873 (N.D. Cal. 2011) ("*Northstar IV*") (emphasis added). Most recently, after Plaintiff filed its Fourth Amended Complaint ("FAC") (ECF No. 214), this Court concluded again that "[a]lthough Northstar has amended its Complaint four times, Northstar's core allegations remain the same" and "[t]he thrust of Northstar's claims" are that "Defendants allegedly misrepresented or omitted a material fact from the Fund's shareholders, which resulted in financial losses to these shareholders." Oct. 5 Order at 2, 33.

Given this consistent history, this Court dismissed Plaintiff's Contract Claims in the Fourth Amended Complaint with prejudice, finding that any further amendment "would be futile, particularly in light of the fact that Northstar's core allegations have remained the same, even though Northstar has amended its complaint four times." *Id*. at 34. The Court held, however, that Federal Rule of Civil Procedure 12(g)(2) precluded Defendants from asserting their SLUSA defenses to the fiduciary duty claims on a pre-answer motion to dismiss because "a party that seeks to assert a defense that was available but omitted from an earlier Rule 12 motion can only do so *in a pleading, a 12(c) motion, or at trial*." *Id.* at 11 (emphasis added). Accordingly, Defendants answered the complaint on October 13, 2015, and explicitly asserted the affirmative defense that the remaining claims "are precluded by [SLUSA]." Answer (ECF No. 239) at 32. Two days later, at a Case Management Conference, Plaintiff conceded that the remaining breach of fiduciary duty claims are "essentially the same claim as the breach of contract, it's just pled somewhat differently[.]" Hr'g. Tr. at 12:1-4.[4] Defendants now file the instant motion under Federal Rule of Civil Procedure 12(c) to remove any procedural barrier to the dismissal of Plaintiff's remaining breach of fiduciary duty claims. Plaintiff has had five attempts across seven years to draft a viable breach of fiduciary duty claim and, having consistently failed to do so,

---

[4] Notably, in order to plead around an exculpatory clause in the Declaration of Trust, Plaintiff expressly bases the fiduciary breach claims against the Trustees on their alleged "willful malfeasance, bad faith, gross negligence, or reckless disregard of their duties." FAC ¶ 133. Because, unlike the Contract Claims, Plaintiff must demonstrate affirmatively willful misconduct in order to assert its breach of fiduciary duty claims, SLUSA's applicability to the fiduciary breach claims is even more apparent.

those claims should now be dismissed without leave to amend.

## ARGUMENT

### I. Plaintiff's Breach Of Fiduciary Duty Claims Are Barred By SLUSA

#### A. The Breach Of Fiduciary Duty Claims Are Based On Alleged Misrepresentations Or Omissions

Given this Court's repeated rulings affirming that Plaintiff has pleaded a case that is based entirely on alleged misrepresentations and omissions, it is now beyond reasonable dispute that Plaintiff "assert[s] what [are] essentially federal securities law claims as state law causes of action," even though such gamesmanship is the precise practice that SLUSA was intended to "end." *Northstar III*, 781 F. Supp. 2d at 933.  Indeed, there are only a "limited number of securities-related actions that fall outside SLUSA's purview."  Oct. 5 Order at 32 (*citing Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006) ("The presumption that Congress envisioned a broad construction follows not only from ordinary principles of statutory construction but also from the particular concerns that culminated in SLUSA's enactment.")).  To that end, this Court accurately summarized the allegations in the Fourth Amended Complaint as follows:

> The essence of Northstar's claim is not only that Defendants deviated from the Fund's investment objectives.  Rather, Northstar also alleges that Defendants violated Defendants' direct relationship with shareholders by not revealing Defendants' decision to deviate, thereby causing shareholders to suffer actual and direct financial damages. . . . [T]his claim implicates the very sort of misrepresentations and omissions that fall within SLUSA's reach.

Oct. 5 Order at 32 (internal quotation marks and internal citations omitted).  Put simply, Plaintiff pleads Defendant "represented . . . that [they] would do one thing, but ended up doing another.  That is a misrepresentation in the most classic sense." *Id.* at 30.[5]  It makes no difference whether

---

[5] Plaintiff's motion for leave to file a motion for reconsideration incorrectly suggests some inconsistency exists between this ruling and *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110 (9th Cir. 2013), but Plaintiff continues to ignore the critically different context in which *Freeman* was decided.  See Motion for Reconsideration (ECF No. 243) at 6-7.  In *Freeman* the dispute was over how a particular term in a contract should be interpreted whereas here the dispute is over whether a particular representation in public disclosures was true.

1  Plaintiff pleads that Defendants "misrepresented what was going on (Northstar's theory in the
2  SAC)" or that Defendants "declined to inform shareholders of the . . . decision to abandon the
3  Fund's core investment objectives (Northstar's theory in the FAC)" because "SLUSA preclusion
4  applies to both scenarios." *Id.* at 31.  "SLUSA preclusion applies to both misrepresentations *and*
5  omissions of material fact" and Plaintiffs' Fourth Amended Complaint clearly presents both
6  scenarios, forming "two sides of the same coin." *Id.*

This Court's findings about Plaintiff's claims are amply supported by the Fourth Amended Complaint.  Plaintiff pleads that "[a]ll defendants repeatedly assumed fiduciary obligations in SEC filings disseminated to shareholders and repeatedly thanked investors for placing their 'trust' in Schwab."  FAC ¶ 53.  On the basis of those representations, "shareholders were reliant on [Defendants] for the operation of the Fund and for the discharge of the Fund's fundamental . . . objectives and policies."  *Id.* ¶ 129.  Defendants allegedly failed to disclose the true nature of the Fund's investments even though they "had knowledge superior to the Fund's shareholders regarding the composition of the Fund's holdings and the compliance with the Fund's fundamental investment objectives and policies" and thus had a "duty to deal fairly, honestly and in good faith with plaintiff and the other Class members."  *See Id.* ¶¶ 129-130.  The district court for the Central District of California recently addressed virtually identical breach of fiduciary duty and contract-based claims that were also premised on a mutual fund's allegedly undisclosed deviation from an investment policy and concluded that "[t]hat is a misrepresentation claim."  *See Hampton v. Pac. Inv. Mgmt. Co., LLC*, No. SACV 15-00131-CJC(JCGx) (C.D. Cal. Nov. 2, 2015) ("*Hampton Order*"), (ECF No. 73) at 8.[6]  As Judge Carney observed, "each of Plaintiff's claims turns on whether or not representations made by Defendants—namely that they would not exceed the [prospectus' investment restriction]—were true or not.  Plaintiff may not prevail on any of his claims without a showing of misrepresentation." *Id.* at 9.  Accordingly, the district court dismissed all of the claims (including for breach of fiduciary duty) with prejudice because "[t]hat is precisely the sort of claim SLUSA was intended to preclude in order to give the

---

[6] A copy of this opinion is attached as Exhibit B to the Declaration of Brian C. Raphel, filed herewith.

[08-cv-04119] DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS                    -5-

[Private Securities Litigation Reform Act] procedural requirements teeth." *Id.* at 10.

Among other arguments already rejected by this Court, Plaintiff has attempted to suggest that this case does not involve misrepresentations because every statement alleged in the complaint was purportedly true when made. But as this Court has already recognized, this position is untenable because Plaintiff's proposed class consists entirely of people who purportedly suffered damages when they purchased or held shares throughout a two-year period *after* the statements allegedly became false:

> Plaintiffs argue that the statements . . . are not properly characterized as misrepresentations, because they were generally true at the time they were made, and only became false or misleading after the beginning of the class period. . . . However, this argument does not remove the claims from SLUSA's scope. Even if Plaintiffs now allege the statements were true at some point, the class definition starts the clock for the class claims at the moment Plaintiffs allege the statements became untrue.

*Northstar III,* 781 F. Supp. 2d at 935-36. Even if Plaintiff concedes that statements made before the class period were true at the time they were made, Plaintiff necessarily alleges they became false during the class period when shareholders were making the relevant decisions whether to purchase or hold shares and Defendants failed to inform them of the truth. Because SLUSA applies to both affirmative misrepresentations *and omissions*, the implicit assertion that Defendants "declined to inform shareholders of the . . . decision to abandon the Fund's core investment objectives" places this case squarely within SLUSA. October 5 Order at 30-31.

Accordingly, this Court's recent order explicitly rejected Plaintiff's attempts to re-characterize their claims in the Fourth Amended Complaint, finding that such efforts amounted to nothing more than "artful wordsmithing." *Id.* at 29; *see also Freeman*, 704 F.3d at 1115 ("plaintiffs cannot avoid preclusion through artful pleading that removes the covered words . . . but keeps the covered concepts.") (internal quotation marks omitted). Despite Plaintiff's removal of explicit references to misrepresentations and the addition of multiple self-serving legal conclusions that purportedly disclaim SLUSA's applicability, this Court determined that the Fourth Amended Complaint's "allegations clearly state liability based on a misrepresentation or an omission." Oct. 5 Order at 30. The Court similarly rejected Plaintiff's suggestion that any new development in the law had occurred, let alone a development that would save its claims

from SLUSA preclusion.  *Id.* at 31-34.

### B. The Delaware Carve-Out Does Not Apply

The Delaware carve-out does not save Plaintiff's breach of fiduciary duty claims. Although Defendants do not dispute that the breach of fiduciary claims pleaded in the Fourth Amended Complaint are currently pleaded under Massachusetts law, this Court has already conclusively determined that that fact alone is not dispositive and that this case does not meet the standard for classification as a "permissible action" subject to the Delaware carve-out.

Unlike SLUSA, which is interpreted broadly, the Delaware carve-out is confined only to two types of "permissible actions."  The first type, which Plaintiff does not contend applies here, involves the purchase or sale of securities *exclusively* to and/or from current shareholders.  15 U.S.C. § 77p(d)(1)(B)(i).  The second type deals with misrepresentations that influence significant corporate events, such as mergers, tender offers, and shareholder votes.  15 U.S.C. § 77p(d)(1)(B)(ii)  Importantly, as this Court recognized in its previous order, there is a difference between "holder" claims, in which a shareholder holds shares in reliance on certain misrepresentations, and "voting" claims, in which a shareholder votes his or her shares based on misrepresentations or omissions that influenced that decision.  Oct. 5 Order at 37-38 (citing *Crimi v. Barnholt*, 2008 WL 4287566, *3 (N.D. Cal. Sept. 17, 2008)).  Although both types of claims fall within SLUSA, the Delaware carve-out only saves the latter.  *Id.*  Here, "[t]he gist of Northstar's allegations, from its first Complaint to the instant Complaint, is that shareholders were 'deprived of their ability to make an informed decision concerning whether they should continue holding their shares.'  These are holder claims.  These claims do not concern how shareholders should have voted."  Oct. 5 Order at 38.  Indeed, plaintiff's complaint in this case was that Defendants deviated from their investment policy *without holding a vote*.  Like the Contract Claims, the fiduciary breach claims "do not concern shareholders '*voting* their securities,' as the Delaware carve-out requires, but rather concern whether shareholders should have *held* onto their securities, in light of Defendants' alleged decision to deviate [from an investment policy] a decade after the vote."  *Id.* at 39; *see also* Hampton Order, at 13 (Delaware carve-out does not apply where "it is clear that the reason [for the alleged misrepresentations] was

1  not to influence some nonexistent vote") (emphasis omitted).

## II. Plaintiff's Aiding And Abetting Claims Must Be Dismissed

Plaintiff does not dispute the basic principle of law that an aiding and abetting claim cannot be maintained in the absence of an underlying primary claim for liability. Because, as set forth above, the fiduciary breach claims are preempted by SLUSA, Plaintiff has no underlying claim to serve as the basis for an aiding and abetting claim. Accordingly, the aiding and abetting claims must also be dismissed.

## III. Defendants Have Not Waived Their SLUSA Defense

In opposing Defendants' Motion to Dismiss the Fourth Amended Complaint, Plaintiff argued that Defendants had previously waived any objections to the fiduciary breach claims due to certain statements made in a footnote of a reply brief supporting dismissal of the TAC and at oral argument before the Ninth Circuit. Plaintiff's Opposition to Motion to Dismiss FAC (ECF 223) at 6. That issue was fully addressed in the parties' prior briefing and, in the October 5 Order, this Court did not find that any of Defendants' arguments had been substantively waived. As stated previously, these statements were, at most, inaccurate statements of law for which Plaintiff suffered no prejudice. Defendants' Reply Supporting Motion to Dismiss FAC (ECF 226) at 13-15. All parties now agree on the correct legal standards to apply under SLUSA and the Delaware carve-out and this Court has already correctly applied those legal standards in dismissing the Contract Claims, which are "essentially the same" as the remaining breach of fiduciary duty claims. Further, the Ninth Circuit was well aware of the basis for Plaintiff's claim of purported waiver, but did *not* consider the SLUSA defense to be waived. To the contrary, the Ninth Circuit expressly directed this Court to consider "whether the allegations in the [TAC]"— including the fiduciary breach claim—"are barred by SLUSA . . . in the first instance." *Northstar V*, 779 F.3d 1036, 1050 (9th Cir. 2015). Accordingly, this Court should, as directed by the Ninth Circuit, determine whether SLUSA precludes the fiduciary duty claims in this case.[7]

---

[7] In any event, Plaintiff's decision to file an amended complaint opened the door to the re-assertion of any previously waived claims in subsequent substantive motions. *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1017 (C.D. Cal. 2011).

**CONCLUSION**

For the foregoing reasons, the FAC should be dismissed as to all Defendants with prejudice.

Dated: November 4, 2015

Respectfully Submitted,

DECHERT LLP
By: /s/ Joshua D. N. Hess
Matthew L. Larrabee
Joshua D. N. Hess
Brian C. Raphel
One Bush Street, Suite 1600
San Francisco, CA 94104

*Attorneys for Defendants*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Karin Kramer
Richard A. Schirtzer
Karin Kramer
Arthur Roberts
50 California Street, 22nd Floor
San Francisco, CA 94111

*Attorneys for Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, Charles R. Schwab, Randall W. Merk, Joseph H. Wender and John F. Cogan*