Christopher T. Heffelfinger (SBN 118058)
cheffelfinger@bermandevalerio.com
Joseph J. Tabacco, Jr. (SBN 75484)
jtabacco@bermandevalerio.com
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA  94111
Telephone: (415) 433-3200
Facsimile:  (415) 433-6282

*Attorneys for Plaintiff Northstar Financial Advisors, Inc.*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on behalf of itself and all others similarly situated,<br><br><br><br>Plaintiff,<br><br>v.<br><br>SCHWAB INVESTMENTS; MARIANN BYERWALTER, DONALD F. DORWARD, WILLIAM A. HASLER, ROBERT G. HOLMES, GERALD B. SMITH, DONALD R. STEPHENS, MICHAEL W. WILSEY, CHARLES R. SCHWAB, RANDALL W. MERK, JOSEPH H. WENDER and JOHN F. COGAN, as Trustees of Schwab Investments; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>Defendants. | Case No. Case No. 5:08-cv-04119-LHK<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIMS ON GROUNDS OF SLUSA**<br><br>Date:          February 25, 2016<br>Time:          1:30 P.M.<br>Courtroom:  8, 4th Floor, San Jose<br>Judge:         Honorable Lucy H. Koh |

1

2

## **TABLE OF CONTENTS**

3   TABLE OF AUTHORITIES ................................................................................................ ii

4   STATEMENT OF ISSUES ................................................................................................ iv

5   PRELIMINARY STATEMENT .........................................................................................1

6   ARGUMENT .....................................................................................................................2

7
8          A.     The Ninth Circuit and This Court Have Sustained Plaintiff's Breach of  Fiduciary
                  Duty Claims ..................................................................................................2

9
10         B.     The Breach of Fiduciary Duty Claim Does Not Require that Plaintiff Allege or
                  Prove A Material Misrepresentation of Omission. ........................................3

11  CONCLUSION...................................................................................................................10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

3  **CASES**

4  *Anwar v. Fairfield Greenwich Limited,*
   No. 09 Civ. 118(VM), 2015 WL 4610406 (S.D.N.Y. July 29, 2015) .............................8

5  *Beckett v. Mellon Investor Servs. LLC,*
6     329 Fed. Appx. 721 (9th Cir. 2009) ...................................................................8

7  *Chadbourne & Parke LLP v. Troice,*
      134 S. Ct. 1058 (2014) ...............................................................................v, 1, 8

8  *In re Charles Schwab Corp. Secs. Litig.,*
9     257 F.R.D. 534 (N.D. Cal. 2009) .....................................................................8

10  *Crimi v. Barnholt,*
     No. C 08-02249 CRB, 2008 U.S. Dist. LEXIS 108469 (N.D. Cal. Sept. 17, 2008) ......................4

11  *Falkowski v. Imation Corp.,*
12     309 F.3d 1123 (9th Cir. 2002) .........................................................................8

13  *Freeman Investments, L.P. v. Pacific Life Insurance Co.,*
       704 F.3d 1110 (9th Cir. 2013) ..................................................................... *passim*

14  *Hampton v. Pacific Investment Mgmt. LLC,*
15     No. SACV 15-00131-CJC (JCGx) (C.D. Cal. Nov. 2, 2015) (ECF No. 73) ...................................8

16  *In re Kingate Mgmt. Ltd. Litig.,*
       784 F.3d 128 (2d Cir. 2015)..............................................................................8

17  *Madden v. Cowen & Co.,*
18     576 F.3d 957 (9th Cir. 2009) ...........................................................................4

19  *McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.,*
       339 F.3d 1087 (9th Cir. 2003) .........................................................................9

20  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,*
21     547 U.S. 71 (2006).....................................................................................4, 7

22  *Miller v. Nationwide Life Insurance Co.,*
       391 F.3d 698 (8th Cir. 2004) ..........................................................................9

23  *Northstar Financial Advisors, Inc. v. Schwab Investments (Northstar III),*
24     781 F. Supp. 2d 926, 933-35 (N.D. Cal. 2011)..................................................... iv, 4

25  *Northstar Financial Advisors, Inc. v. Schwab Investments (Northstar VI),*
      Case No. 08-cv-04119 (ND. Cal. Oct. 5, 2015) (Dkt No. 229) ............................... *passim*

26  *Northstar Financial Advisors, Inc. v. Schwab Investments (Northstar I),*
27     609 F. Supp. 2d 938 (N.D. Cal. 2009) ........................................................... vi

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Northstar Financial Advisors, Inc. v. Schwab Investments (Northstar V)*,
    779 F.3d 1036 (9th Cir. 2015) ................................................................. iv, 3, 4, 9

*Proctor v. Vishay Intertechnology, Inc.*,
    584 F.3d 1208 (9th Cir. 2009) .................................................................................4

*Stoody-Broser v. Bank of America*,
    No. C 08-02705, 2012 WL 1657187 (N.D. Cal. May 10, 2012) ....................................8

*Tibble v. Edison International*,
    135 S. Ct. 1823, 1827-28 (2015).................................................................................3

*Tuttle v. Sky Bell Asset Management, LLC ("Tuttle II")*,
    No. C 10-03588 WHA, 2011 WL 208060 (N.D. Cal. Jan. 21, 2011)............................8

*Ward v. Costello*,
    98-4871-J, 2002 Mass. Super. LEXIS 545 (Mass. Super. Ct. 2002) ..............................2

**STATUTES**

15 U.S.C. §80a-1 ........................................................................................................ vi

15 U.S.C. §78bb(f)(1) .................................................................................................1

1

2

### **STATEMENT OF ISSUES**

3        1.        Whether this Court should deny defendants' motion for judgment on the pleadings to

4    dismiss plaintiffs' First through Fourth and Eighth through Eleventh Causes of Action Relief for

5    breach of fiduciary duty (on grounds of the Securities Litigation Uniform Standards Act of 1998

6    ("SLUSA")), when this Court and the Ninth Circuit Court of Appeals have already sustained

7    plaintiff's claims for breach of fiduciary duty and have determined that plaintiffs' "core allegations"

8    of breach of fiduciary duty do not include allegations or require proof of false or misleading

9    statements.  *See Northstar Financial Advisors, Inc. v. Schwab Investments* (*Northstar V*), 779 F.3d

10   1036, 1054-55, 1058, and 1065 (9th Cir. 2015), *cert. denied*, No. 15-134, 2015 WL 4555146 (U.S.

11   Oct. 5, 2015); *Northstar Financial Advisors, Inc. v. Schwab Investments (Northstar VI)*, Case No.

12   08-cv-04119 (ND. Cal. Oct. 5, 2015) (Dkt No. 229) at 2, 19-20, and 25.

13       2.        Whether this Court should deny defendants' motion for judgment on the pleadings to

14   dismiss plaintiff's claims for breach of fiduciary duty on grounds of SLUSA, even if *Northstar VI*

15   [Dkt. No. 229] was correctly decided on plaintiff's breach of contract claims, because plaintiff's

16   claims for breach of fiduciary duty do not require any communication between the parties and are

17   not premised on a false or misleading statement.

18       3.        Whether this Court should deny defendants' motion for judgment on the pleadings to

19   dismiss plaintiff's claims for breach of fiduciary duty on grounds of SLUSA, even if *Northstar*

20   *Financial Advisors, Inc. v. Schwab Investments* (*Northstar III),* 781 F. Supp. 2d 926, 933-35 (N.D.

21   Cal. 2011) was correctly decided dismissing (without prejudice) the breach of fiduciary duty claims

22   pled in plaintiff's Second Amended Complaint ("2AC"; Dkt No. 127), where plaintiff made

23   substantial revisions to the 2AC in the Third Amended Complaint, which carried over to the Fourth

24   Amended Complaint ("4AC"; Dkt No. 214), to address this Court's concern (expressed in *Northstar*

25   III) that the 2AC alleged that "defendants made misrepresentations about how investments in the

26   Fund would be managed."  *Northstar III* at 934.

27       4.        Whether this Court should deny defendants' motion for judgment on the pleadings to

28   dismiss plaintiff's claims for breach of fiduciary duty when there is established Supreme Court

precedent and precedent in the Ninth Circuit and other Circuit courts, and in the District Courts of

this Circuit, holdings that state law claims that do not allege or rely on allegations of material

misstatements or omissions are not preempted by SLUSA.  *See, e.g.*, *Chadbourne & Parke LLP v.*

*Troice,* 134 S. Ct. 1058, 1068-69 (2014).

5. Whether the Ninth Circuit's decision in *Freeman Investments, L.P. v. Pacific Life*

*Insurance Co.*, 704 F.3d 1110, 1118 (9th Cir. 2013), denying defendants' motion to dismiss on the

basis of SLUSA, is distinguishable from the facts here where *Freeman* alleged claims that

defendants overbilled for insurance and plaintiff here alleges substantively identical claims that the

defendants' breached their fiduciary duties to manage the Fund's assets consistent with the Fund's

fundamental investment objectives, and neither claim in either case relied on proof of material

misstatements or omissions.

6. Whether the Court should deny defendants' motion for judgment on the pleadings

when plaintiff's counsel stated at the October 14, 2015 case management conference that even if

*Northstar VI* was correctly decided, in terms of dismissing plaintiff's breach of contract claims, the

breach of fiduciary duty claims are different and should not be dismissed:  "your honor made some

findings with regard to what the core allegations were on the breach of fiduciary duty, and the

fiduciary duty claim relates to the conduct of the parties and there's no requirements to make any

statements with respect to that conduct, so … notwithstanding the 12(b)(6) ruling … the breach of

fiduciary claim will go forward, which is a very substantial claim."  Plaintiff's counsel made no

concessions at that conference with respect to this motion but only stated that plaintiff's contract and

breach of fiduciary duty claims both derive from defendants' "conduct" deviating from the Fund's

fundamental investment objectives and that both claims are "substantial.  *See* Dkt No. 249-1 at 11:16

– 12:8.

7. Whether the Court should deny defendants motion' for judgment on the pleadings,

when defendants acknowledge that the 4AC does not allege, and plaintiff is not required to prove,

that defendants failed to disclose their breach of fiduciary duties, where failure to disclose a breach

is not an element of the tort.

8.      Whether the Court should deny defendants' motion for judgment on the pleadings, when granting the motion would leave plaintiff without a federal or a state remedy, particularly in a circumstance where the Hon. Susan Illston, in her decision denying in part and granting in part (without prejudice) defendants' motion to dismiss plaintiff's initial complaint, found an actionable violation of the Fund's investment objective: "Northstar's allegations are sufficient to state a claim that the Fund's significant investments in non-agency CMOs violated the Fund's investment objective" (609 F. Supp. 2d 938, 946) and the Investment Company Act declares that "the national public interest and the interest of investors are adversely affected … when investment companies … change the character of their business … without the consent of their security holders."  15 U.S.C. §80a-1.

1

**PRELIMINARY STATEMENT**

2          In deciding a motion for judgment on the pleadings under the Securities Litigation Uniform

3   Standards Act of 1998 ("SLUSA"), this Court must determine if the gravamen of the complaint

4   requires proof of allegations of a material misrepresentation or omission.  *See* 15 U.S.C. §78bb(f)(1).

5   Here, the gravamen of plaintiff's breach of fiduciary duty claims requires proof only that defendants

6   Charles Schwab Investment Management, Inc. (the "Advisor") and the trustees of Schwab

7   Investments (the "Trustees") breached their fiduciary duties to adhere to the Schwab Total Bond

8   Fund (the "Fund")'s  fundamental investment objectives (i) to track the Lehman Brothers Aggregate

9   Bond Index (the "Index") and (ii) not concentrate in excess of 25% of its assets in any one industry.

10          Defendants' motion is long on rhetoric ("[t]he gravamen of this case is … a traditional

11   securities fraud case"), and short on specifics (defendants fail to cite any paragraphs of the Fourth

12   Amended Complaint ("4AC") that allege or rely on false or misleading statements).  In fact, no

13   element of plaintiff's breach of fiduciary duty claims requires proof of any communication between

14   the defendants and plaintiff, let alone a communication of a material misrepresentation or omission;

15   and plaintiff makes no allegations of a material misrepresentation or omission in the 4AC.

16   Accordingly, plaintiff's claim for breach of fiduciary duty should not be dismissed.

17          Recognizing that no element of plaintiff's claim requires allegations of a false statement,

18   defendants pivot and argue that SLUSA preemption can be based on the *failure* to communicate a

19   breach of fiduciary duty to investors.  *See* Defendants' Motion for Judgment on the Pleadings ("Db";

20   Dkt No. 249) at 6.  However, the failure to communicate a breach of fiduciary duty is not an element

21   of the claim and cannot support preemption.  To base SLUSA preemption on the failure to disclose a

22   breach of fiduciary duty (or breach of contract) is contrary to established U.S. Supreme Court

23   precedent holding that SLUSA should be read narrowly to avoid encroaching on "state legal

24   authority, especially over matters that are primarily of state concern," such as "ordinary state breach-

25   of-contract claims" [or claims for breach of fiduciary duty] that "lie outside the [Securities

26   Exchange] Act's basic objectives."  *See Chadbourne & Parke LLP v. Troice,* 134 S. Ct. 1058, 1068-

27   69 (2014).

28

1    To the extent defendants rely on this Court's July 29, 2015 decision dismissing plaintiff's

2    breach of contract and third party breach of contract claims [Dkt No. 229], for the reasons already

3    stated in plaintiff's motion for reconsideration filed October 15, 2015 (Dkt No. 243), that decision

4    was wrongly decided because there were no misrepresentations or omissions serving as predicates

5    for those contract claims.  In any event, a breach of contract claim requires an element of

6    communication (*i.e.*, an offer and acceptance).  In contrast, a breach of fiduciary duty requires no

7    communication and, therefore, the remaining defendants cannot be found to have made any material

8    misrepresentation or omission in connection with a communication to investors.

9                                **ARGUMENT[1]**

10   **A.    The Ninth Circuit and This Court Have Sustained Plaintiff's Breach of
             Fiduciary Duty Claims**

11

12   Plaintiff's claims for breach of fiduciary duty and aiding and abetting the breach of fiduciary

13   duty are contained in the First through Fourth and the Ninth through Eleventh Causes of Action

14   (4AC, ¶¶ 124-57 [investors who purchased during the Pre-Breach Period prior to August 31, 2007];

15   and ¶¶ 194-227 [investors who purchased during the Breach Period beginning on or about August

16   31, 2007]).  The breach of a fiduciary duty under Massachusetts law does not require allegations or

17   proof of a material misrepresentation or omission.  *See, e.g., Ward v. Costello*, 98-4871-J, 2002

18   Mass. Super. LEXIS 545, at *22 (Mass. Super. Ct. 2002) (*citing Hanover Ins. Company v. Sutton*,

19   46 Mass. App. Ct. 153, 164, 705 N.E.2d 279 (1999) ("The elements of breach of fiduciary duty are:

20   (1) existence of  a duty that is fiduciary in nature based upon the relationship of the parties,

21   (2) breach of that duty, (3) damages, and (4) a causal connection between breach of the duty and the

22   damages.").

23   This Court, in its October 5, 2015 SLUSA opinion, acknowledged that plaintiff's "core

24   allegations" do not involve claims of misrepresentations or omissions but rather that "[d]efendants

---

[1] Because of page limitations, plaintiff will not separately address defendants' arguments addressed
to the applicability of the Delaware carve-out, including that defendants had previously conceded
this issue in briefing *Northstar IV*.  Those arguments were previously made in Plaintiff's
Memorandum In Opposition to Defendants' Motion to Dismiss, dated August 26, 2015 [Dkt No.
223] at 6 and 12-16, and rejected by this Court in *Northstar VI* [Dkt No. 229] at 36-39.  Plaintiff
does not seek to reargue the Court's rejection of plaintiff's arguments addressed to the carve-out, but
preserves those arguments for appeal.

1   deviated from the Fund's investment objective to track the [Index] in two ways [the failure to track

2   the Index and the concentration of investments in one industry]."  Dkt No. 229 at 2.  That opinion

3   further recited the elements of a breach of fiduciary duty claim, none of which required the

4   communication of materially false or misleading statements.  *Id.* at 19-20 and 25 ("'[U]nder trust

5   law a fiduciary is required to conduct a regular review of its investment with the nature and timing of

6   the review contingent on the circumstances….  This continuing duty exists separate and apart from

7   the trustee's duty to exercise prudence in selecting investments at the outset'….  In order words,

8   trustees have a duty both to select prudent investments at the outset *and* to monitor these investments

9   from time to time.  Per *Tibble v. Edison International,* 135 S. Ct. 1823, 1827-28 (2015), the [4AC] is

10  replete with allegations that the Trustees failed to adequately undertake this sort of regular

11  monitoring"; "[G]iven the more active management role undertaken by the Advisor as compared to

12  the Trustees, the Court finds that the [4]AC also pleads sufficient factual allegations to state a claim

13  for breach of fiduciary duty by the Advisor for substantially the same reasons that underscored the

14  Court's earlier decision to find that the [4]AC sufficiently alleged breach of fiduciary duty by the

15  Trustees."

16      The Ninth Circuit, in reversing this Court's August 8, 2011 decision, similarly sustained

17  plaintiff's breach of fiduciary duty claims against the Trustees and similarly recited plaintiff's core

18  allegations of breach of fiduciary duty:  "[T]his case alleges a failure to follow trading restrictions,

19  the very essence of the Fund's business….  The claim supports a direct action because the impact is

20  directly on the investors in the Fund…."; "The allegations in the complaint … are sufficient to

21  support an argument that the Trustees 'violat[ed] both specific restraints imposed by the

22  shareholders and the official[s'] duty of care.").  *See* 779 F.3d 1036, 1058, 1059 (9th Cir. 2015).

23      None of these core allegations concerned a misrepresentation or omission.

24      **B.    The Breach of Fiduciary Duty Claim Does Not Require that Plaintiff Allege or
        Prove A Material Misrepresentation of Omission.**

25

26      Given this Court's (and the Ninth Circuit's) holding that defendants breached their fiduciary

27  duties to plaintiff (without requiring proof of any misrepresentation or omission), it cannot conclude

28  (as argued by defendants) that the core allegation of plaintiff's breach of fiduciary duty claim is a

1    misrepresentation or omission.  In fact, plaintiff knows of no case (other than *Northstar VI*), where

2    the Court dismissed a state law claim on the grounds of SLUSA, after already finding that all

3    elements of the claim had been pled without alleging a misrepresentation or omission.[2]

4          The Court's ruling in *Northstar III* that "[w]here, as here, the alleged state law claims *rely on*

5    alleged misrepresentations, this element of SLUSA is met – even if the state law claims do not

6    *require* any misrepresentation [781 F. Supp. 2d 926, 935; emphasis added]," is a non-sequitur.

7    Plaintiff disagrees that a complaint can "state claims [that] do not require any misrepresentation"

8    and, at the same time, be barred by SLUSA because they "rely on" a misrepresentation.  *See*

9    *Chadbourne* and other cases cited *supra* at 8-9.

10         This Court in *Northstar III* cited to paragraphs 130 and 136 of plaintiff's 2AC as alleging that

11   "Plaintiffs assert that they 'relied on' defendants to 'adhere to the Fund's investment objectives and

12   policies,'" and that defendants' failure to do so caused Plaintiffs to sustain [ ] money damages in

13   connection with their ownership of shares in the Fund.'" 2AC ¶¶ 130, 136.  That language however

14   alleges a breach of fiduciary duty or contract claim (and not a misrepresentation claim), as found by

15   the Ninth Circuit in *Freeman Investments, L.P. v. Pacific Life Insurance Co.*, 704 F.3d 1110, 1118

16   (9th Cir. 2015) ("Plaintiffs allege that their insurer promised one thing and delivered another.  *That's*

17   *a straightforward contract claim that doesn't rest on misrepresentation or fraudulent omission."*

18   Emphasis added.).  That investors "relied on" the Trustees and Advisor to exercise their fiduciary

19   duties (or contractual obligations) does not convert a breach of fiduciary duty (or breach of contract)

20   to a claim for misrepresentation or omission.  Otherwise there would be no such thing as a fiduciary

21   duty claim in a covered class action because inherent in all fiduciary relationships is the investors'

22   "reliance" on fiduciaries to exercise their duties.  *See* 779 F.3d at 1052 ("anyone who purchased

23   shares in the Fund … was legally and contractually entitled to have his investment managed in

24

---

25   [2]  Plaintiffs, in the cases relied on by defendants, acknowledge that they are relying on false
     statements and seek to invoke exceptions to SLUSA.  *See Merrill Lynch, Pierce, Fenner & Smith Inc.*
26   *v. Dabit,* 547 U.S. 71 (2006) (acknowledging false statements; no contract or breach of fiduciary duty
     claim); *Proctor v. Vishay Intertechnology, Inc.,* 584 F.3d 1208 (9th Cir. 2009) (acknowledging false
27   statements); *Madden v. Cowen & Co.,* 576 F.3d 957 (9th Cir. 2009) (acknowledging false statements
     but seeking to rely on the "Delaware" carve-out); *Crimi v. Barnholt*, No. C 08-02249 CRB, 2008 U.S.
28   Dist. LEXIS 108469 (N.D. Cal. Sept. 17, 2008) (acknowledging false statements but seeking to
     benefit from the "Delaware" carve-out).

1    accordance with the proposals in the proxy statement, unless the shareholders voted to permit

2    otherwise.").

3        In any event, plaintiff made substantial revisions to the 2AC when it filed the Third Amended

4    Complaint ["3AC"; Dkt No. 181] including deleting ¶¶ 72-81, 95-97, and 111-14 and revising ¶¶

5    130, 158 and 164 of the 2AC (allegations that were not necessary to plead the elements of plaintiff's

6    claims and which the Court had cited in *Northstar III* as suggesting the existence of material

7    misrepresentations or omissions).  For the convenience of the Court, plaintiff has appended a

8    schedule of paragraphs of the 2AC that were referenced by the Court in *Northstar III* in dismissing

9    the breach of fiduciary duty claims (without prejudice), and the revisions that were made to those

10   paragraphs in the 4AC.  This Court's references to "artful wordsmithing" in *Northstar VI* at 29 (and

11   defendants' references at Db 6) are to the less significant revisions from the 3AC to the 4AC (*see*

12   Dkt No. 206 at 1) and overlooked the substantial revisions from the 2AC to the 3AC.

13       Defendants cite (at 5) to only three paragraphs (¶¶ 53, 129-30) of the 4AC for the proposition

14   that the Court's dismissal of plaintiff's breach of fiduciary duty claims "are amply supported by the

15   [4AC]."  Paragraph 53 only recited defendants' truthful statements acknowledging fiduciary duties

16   to investors; ¶ 129 alleged that plaintiffs "were reliant on [Defendants] for the discharge of the

17   Fund's fundamental … objectives and policies" (again a true statement); and ¶ 130 only alleged that

18   defendants had a "duty to deal fairly, honestly and in good faith" with investors (also a true

19   statement).  Defendants mischaracterize Plaintiff's actual allegations to argue (Db at 5) that they

20   "allegedly failed to disclose the true nature of the Fund's investments."  Those allegations (which are

21   not attributed to any paragraph of the 4AC), are not in the 4AC and plaintiffs do not predicate

22   liability on any such allegations.

23       Similarly there is no merit to defendants' argument (Db at 4), *quoting Northstar VI,* for the

24   proposition that "Northstar also alleges that Defendants violated Defendants' 'direct relationship

25   [with] . . . shareholders" by not revealing Defendants' decision to deviate, thereby causing

26   shareholders to "suffer[] actual and direct financial damages.' [4]AC ¶¶ 164, 174."  Neither ¶ 164

27   nor ¶ 174 of the 4AC support that proposition.  Paragraph 164 alleged that the Schwab Investment

28   Advisory Agreement became effective upon a shareholder vote and ¶ 174 alleged that class members

1    suffered injury when the Advisor breached the terms of the Schwab Investment Advisory Agreement

2    ("IAA").  Neither paragraph alleges, nor do any other of the paragraphs in the 4AC allege, *as an*

3    *element of a claim or otherwise*, that defendants failed to reveal their decision to deviate.  *See also*

4    Db at 6 (arguing that defendants' failure to disclose that they were breaching their fiduciary duties

5    converts a claim that is *not* precluded by SLUSA, to a claim that *is* precluded by SLUSA; ignoring

6    that the same argument can be made in every case not precluded by SLUSA).

7         This case is the same as *Freeman,* 704 F.3d 1110, in which the plaintiff alleged claims for

8    breach of contract, breach of the duty of good faith and fair dealing, and unfair competition.  The

9    gravamen of the complaint was that the defendant assessed an excessive cost of insurance charge

10   and, accordingly, that defendants' invoices contained "misrepresentations."  The District Court

11   (according to the Ninth Circuit) granted the motion to dismiss the complaint, concluding that

12   notwithstanding amendments to the complaint, the substance remained the same:  "Such allegations

13   of excessive charges, hidden loans and *concealment* clearly amount, at the least, to an allegation that

14   Defendant *omitted* facts in connection with the purchase of securities, if not allegations of outright

15   misrepresentations made by Defendant."  704 F.3d at 1114.

16        In reviewing the District Court's order, the Ninth Circuit stated that SLUSA "bars class

17   actions brought under state law, whether *styled* in tort, contract, or breach of fiduciary duty, that *in*

18   *essence* claim misrepresentation or omission in connection with certain securities transactions."  *Id.*

19   at 1114.  The Court's use of the term "styled" was intended to identify those actions that were

20   denominated in tort, contract, or breach of fiduciary duty, but where the "essence" or element of a

21   claim required proof of a misrepresentation or omission.  The Ninth Circuit reversed, holding that

22   since a misrepresentation or omission was not an element of the plaintiffs' claims, the "essence of

23   the claim" did not involve fraud, and SLUSA preemption would not apply:

24        *To succeed on this claim, plaintiffs need not show that Pacific misrepresented the cost of*
         *insurance or omitted critical details.*  They need only persuade the court that theirs is the
25        better reading of the contract term….  Just as plaintiffs cannot avoid SLUSA through crafty
         pleading, defendants may not recast contract claims as fraud claims by arguing that they
26        'really' involve deception or misrepresentation.  [704 F.3d at 1115; emphasis added.]

27

28

1    Whereas in *Freeman*, the Ninth Circuit directed the plaintiffs to amend their complaint a third time

2    "to eliminate references to hidden loads, knowing concealment and wrongful conduct" (704 F.3d at

3    1116), here there are no such allegations that need be stricken.  Here, plaintiff only alleges that

4    defendants breached the terms of a contract and their fiduciary duties.

5         Defendants pick up on this Court's efforts to distinguish *Freeman* on grounds that "[i]n

6    *Freeman* the dispute was over how a particular term in a contract should be interpreted whereas here

7    the dispute is over whether a particular representation in public disclosures was true."  Db at 4, n.5.

8    *See also Northstar VI*, at 30 n.7 ("Unlike the instant case, no misrepresentations or omissions were

9    made in *Freeman*.  The only dispute was over how to calculate a particular cost—either based on

10   certain industry standards (as understood by the plaintiffs) or based on an insurance company's

11   particular policies (as understood by the defendant)."

12        However, defendants ignore two critical facts.  First, the Fund's fundamental investment

13   objective, only changeable by shareholder vote, established in the 1997 Proxy Statement was "to

14   attempt to provide a high level of current income consistent with preservation of capital seeking to

15   track the investment results of a particular bond index."  4AC, ¶ 84.  Like the definition of

16   "insurance" in *Freeman*, that fundamental investment objective formed the terms of a contract, and

17   was a "true statement;" the only question before the Court is whether defendants breached their

18   fiduciary duties by failing to effectuate that investment objective.  Second, in *Freeman*, the District

19   Court had twisted the language of the complaint to conclude that the "essence" of its claim

20   concerned "allegations of excessive charges, hidden loans and *concealment* ... if not allegations of

21   outright misrepresentations…."  704 F.2d 1114.  The Ninth Circuit reversed, holding that "no," the

22   "essence" of the plaintiff's claims should be found in the elements of the claims pled and those

23   elements do not require the assertion or proof of allegations of material misrepresentations or

24   omissions.  The facts here are indistinguishable from *Freeman* in this regard.

25        This Court's error in applying *Freeman* appears to derive from a misperception that SLUSA

26   should be 'broadly construed" (Order at 32, *citing Dabit*, 547 U.S. at 82).  However, such reasoning

27   was only with respect to the particular issue in *Dabit*.  *Dabit* did not concern a contract but was

28   expressly based on allegations of misrepresentations and omission that "pose[d] a special risk of

1    vexatious litigation." 547 U.S. at 86. More recently, the Supreme Court has stated that SLUSA

2    should be read narrowly to avoid encroaching on the prerogatives of state courts, including the

3    litigation of claims for breach of contract. *See Chadbourne*, 134 S. Ct. at 1068-69 ("Under

4    numerous provisions, [SLUSA] purposefully maintains state legal authority, especially over matters

5    that are primarily of state concern…. A broad interpretation of [SLUSA] works at cross-purposes

6    with this state-oriented concern…. *Wharf (Holdings) Ltd.,* 532 U.S., at 596 (recognizing that

7    "ordinary state breach-of-contract claims" are "actions that lie outside the [Securities Exchange]

8    Act's basic objectives")).

9          Defendants' motion is also controlled by *Beckett v. Mellon Investor Servs. LLC,* 329 Fed.

10   Appx. 721 (9th Cir. 2009), *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131-32 (9th Cir. 2002), and

11   *In re Charles Schwab Corp. Secs. Litig.*, 257 F.R.D. 534, 551 (N.D. Cal. 2009). *Beckett* concerned

12   claims for breach of contract and breach of fiduciary duty not grounded on allegations of

13   misrepresentations or omissions and were not precluded by SLUSA. In *Falkowski*, the Ninth Circuit

14   similarly held that "[t]he breach of contract claims – garden variety state law claims that are based

15   on the various option contracts – are not preempted by federal securities laws." *See also In re*

16   *Kingate Mgmt. Ltd. Litig.,* 784 F.3d 128, 132, 142, 151-52 (2d Cir. 2015) (finding that claims for

17   "breach of contractual, fiduciary, or tort-based duties to Plaintiffs to provide competent

18   management" (among other things) "would not require any showing of false conduct on the part of

19   defendants," and therefore "such allegations are not precluded by SLUSA."); *Tuttle v. Sky Bell Asset*

20   *Management, LLC*, No. C 10-03588 WHA, 2011 WL 208060, at *2 (N.D. Cal. Jan. 21, 2011)

21   ("Because the state claims … are not predicated upon a misrepresentation in connection with a

22   securities transaction, those claims are not preempted."); *Stoody-Broser v. Bank of America*, No. C

23   08-02705, 2012 WL 1657187, at *4 (N.D. Cal. May 10, 2012) (same); *Anwar v. Fairfield Greenwich*

24   *Limited*, No. 09 Civ. 118(VM), 2015 WL 4610406, at *8-10 and *14-17 (S.D.N.Y. July 29, 2015)

25   (sustaining claims of negligence, breach of fiduciary duty, and gross negligence over defendants'

26   SLUSA objections).

27          *Hampton v. Pacific Investment Mgmt. LLC,* No. SACV 15-00131-CJC (JCGx) (C.D. Cal.

28   Nov. 2, 2015) (ECF No. 73) (cited Db at 5), does not hold to the contrary. First, defendants misstate

1    (Db at 5) that *Hampton* was premised "on a mutual fund's … deviation from an investment policy."

2    In fact, the plaintiff did not allege that the defendant deviated from a fundamental investment

3    objective only changeable by a shareholder vote.  Rather, the plaintiff alleged that Pimco failed to

4    adhere to a statement of intent within the body of a prospectus, which *was* changeable without a

5    shareholder vote, to invest up to 15% of the fund's assets in emerging market securities.  Thus, the

6    plaintiff could not allege a breach of contract (with respect to a fundamental investment policy) or

7    breach of fiduciary duty (in failing to adhere to a fundamental investment policy).  The only cause of

8    action available to that plaintiff was fraud—it was rightfully dismissed under SLUSA.

9            In fact, the plaintiff in *Hampton* had initially pled his claims under the federal securities laws

10   and had been appointed the lead plaintiff pursuant to the PSLRA.  *Hampton* at 5.  *Hampton* is similar

11   to *Miller v. Nationwide Life Insurance Co.,* 391 F.3d 698, 701-02 (8th Cir. 2004), in which the Court

12   dismissed a claim "styled" as a breach of contract but which relied on allegations of "untrue

13   statement[s]," "omissions," and "materially false and misleading statements" *in a prospectus*.  Here,

14   in contrast, as the Ninth Circuit stated in *Northstar V* (distinguishing *McKesson HBOC, Inc. v. New*

15   *York State Common Retirement Fund, Inc.,* 339 F.3d 1087 (9th Cir. 2003), which also concerned a

16   prospectus, plaintiff's claims are based on a shareholder vote pursuant to a proxy statement and that

17   "[o]nce those objectives were adopted [by majority shareholder vote], they significantly restricted

18   the discretion … conferred on the Schwab Trust to manage the Fund."  779 F.3d at 1053.

19           Finally, defendants argue that plaintiff's counsel conceded at the October 14, 2015 case

20   management conference that plaintiff's breach of fiduciary duty claims were the "same claim" as the

21   breach of contract claim, and therefore (defendants argue) should also be dismissed under SLUSA.

22   In fact, plaintiff's counsel argued that this Court, in *Northstar VI*, had "made some finding with

23   regard to what the core allegations were on the breach of fiduciary duty, and the fiduciary duty claim

24   relates to the conduct of the parties and [unlike the contract claim] there's no requirement to make

25   any statements with respect to that conduct.  So … notwithstanding the 12(b)(6) ruling, … we will

26   succeed on the 12(c) ruling and … the breach of fiduciary claim will go forward, which is a very

27   substantial claim."  *See* Dkt No. 249-1 (11:16-12:8).  Counsel then reiterated that as far as damages

28   were concerned, the breach of fiduciary duty claim was "essentially the same claim as the breach of

1    contract," and that both claims were "very substantial."  "If the Court were to dismiss or deny the

2    12(c), we would still have a very substantial claim and there would be a basis for having …

3    meaningful settlement discussions."  *Id.* at 12:1-8.

4                                              **CONCLUSION**

5            For the reasons stated herein, plaintiff respectfully submits that defendants' motion for

6    judgment on the pleadings should be denied.

7    Dated: November 18, 2015                    **BERMAN DEVALERIO**

8                                                By:  */s/ Christopher T. Heffelfinger*

9                                                     Christopher T. Heffelfinger (118058)

10                                               Joseph J. Tabacco, Jr. (75484)
                                                 One California Street, Suite 900
11                                               San Francisco, CA  94111
                                                 Telephone: (415) 433-3200
12                                               jtabacco@bermandevalerio.com
                                                 cheffelfinger@bermandevalerio.com
13
                                                 *Local Counsel*
14
                                                 Robert C. Finkel (admitted *pro hac vice*)
15                                               Joshua W. Ruthizer
                                                 **WOLF POPPER LLP**
16                                               845 Third Avenue
                                                 New York, NY  10022
17                                               Telephone:  (212) 759-4600
                                                 Email: rfinkel@wolfpopper.com
18
                                                 Marc J. Gross (admitted *pro hac vice*)
19                                               **GREENBAUM ROWE SMITH &**
                                                 **DAVIS LLP**
20                                               75 Livingston Street, Suite 301
                                                 Roseland, NJ  07068
21                                               Telephone:  (973) 535-1600
                                                 Email: mgross@greenbaumlaw.com
22
                                                 *Attorneys for Plaintiff Northstar Financial*
23                                               *Advisors, Inc.*

24

25

26

27

28

# EXHIBIT A

**Northstar Financial Advisors, Inc. v. Schwab Investments**

**08-cv-04119-LHK**

<u>Plaintiff's Memorandum of Law In Opposition to Defendants' (SLUSA) Motion for Judgment on the Pleadings</u>

<u>EXHIBIT A</u>

| Paragraphs of Second Amended Complaint (Dkt No. 127) Referenced In *Northstar III*, 781 F. Supp. 2d 926, 933-36 (N.D. Cal. 2011) | Revisions Made to Corresponding Paragraphs in Fourth Amended Complaint (Dkt 214) |
|---|---|
| <u>**Paragraphs 72-81 -- Referenced *Northstar III at 933-34*:**</u><br><br>Paragraphs 72-81 referenced "Registration Statements and Prospectuses in which Schwab represented that the Fund would pursue a 'fundamental indexing strategy' 'to track' [the Lehman Brothers bond index 'through the use of an indexing strategy.'''" *Northstar III* at 933-34. | These paragraphs concerning subsequent Registration Statements and Prospectuses were removed from the 4AC, leaving only the paragraphs concerning the July 25, 1997 Proxy Statement (2AC (¶¶49-71; 4AC (¶¶83-99)). |
| <u>**Paragraphs 95-97 -- Referenced Northstar III at 934-97:**</u><br><br>95. The Fund first reported a material performance deviation from the Index in its Semi-Annual Report for the period ended February 27, 2008, filed with the SEC on May 6, 2008 …:<br><br>Investors in the Fund, however, could not anticipate from this Report that the Fund would continue to deviate from the Index. Among other things, the Prospectus dated September 15, 2007 had stated that "the Fund primarily invests in a diversified portfolio of debt investments that is designed to track the performance of the Lehman Brothers | Omitted from the 4AC. |

**Northstar Financial Advisors, Inc. v. Schwab Investments**

**08-cv-04119-LHK**

**<u>Plaintiff's Memorandum of Law In Opposition to Defendants' (SLUSA) Motion for Judgment on the Pleadings</u>**

**<u>EXHIBIT A</u>**

| | |
|---|---|
| U.S. Aggregate Bond Index" and that "[y]our investment follows the bond market, as measured by the index.  The fund is designed to follow the performance of the index during upturns as well as downturns." The November 15, 2007 Statement of Additional Information also reiterated that the Fund's "investment objective is to attempt to provide a high level of current income consistent with preservation of capital by seeking to track the investments results of [the Index] through the use of an indexing strategy."<br><br>97. In fact, the explanation given for the underperformance of the Index Fund compared to the Index, was the forced selling of securities into a weak bond market, rather than the violation of shareholders' voting rights and the deviation of the securities in the Fund from the Index. | |
| ***Northstar III*, 781 F. Supp. 2d at 936—Referencing 2AC, ¶¶111-14**<br><br>111. Defendants have taken the position, as stated in the Statement of Additional Information dated November 15, 2007, as amended June 13, 2008, to justify the Fund's over-concentration in non-agency mortgage-based securities and CMOs, that non-agency mortgage-backed securities "are not part of any industry for purposes of a fund's concentration policy".... | Omitted from the 4AC. |

**Northstar Financial Advisors, Inc. v. Schwab Investments**

**08-cv-04119-LHK**

**Plaintiff's Memorandum of Law In Opposition to Defendants' (SLUSA) Motion for Judgment on the Pleadings**

**EXHIBIT A**

| | |
|---|---|
| 112. Defendants' determination that non-agency CMOs were not part of an "industry" was unreasonable, in violation of shareholders' voting rights, and inconsistent with the Fund's stated investment policy that was only changeable by shareholder vote. Defendants recognized, as stated in the November 15, 2007 Statement of Additional Information, as amended June 13, 2008 (quoted immediately above), that the non-agency investments "may cause the fund to be more sensitive to adverse economic, business or political developments that affect privately-issued mortgage-backed securities" and accordingly should be classified as within one industry.<br><br>113. Agency and non-agency CMOs are routinely considered to be part of an "industry" because they derive their value from real estate holdings.<br><br>114. Consistent with the 1997 Proxy Statement, defendants were not allowed to defeat shareholder's voting rights by creating unreasonable classifications of an "industry." | |

**Northstar Financial Advisors, Inc. v. Schwab Investments**

**08-cv-04119-LHK**

**<u>Plaintiff's Memorandum of Law In Opposition to Defendants' (SLUSA) Motion for Judgment on the Pleadings</u>**

**<u>EXHIBIT A</u>**

| | |
|---|---|
| **<u>Paragraph 130 -- Referenced Northstar III at 934:</u>**<br><br>130.  Undeniably, the Schwab Trust, the Schwab Trustees, and the Schwab Advisor owed Class members a fiduciary duty to manage the Fund's assets with the care and prudence if a professional in like circumstances and to adhere to the Fund's investment objectives and policies. Given the disparity of access to information and expertise in investment matters, <u>Class members relied on the Schwab Trust's, the Schwab Trustees', and the Schwab Advisors' diligence and good faith</u>. | 60.  Undeniably, the Schwab Trustees, the Schwab Trust and the Schwab Advisor owed Class members a fiduciary duty to manage the Fund's assets with the care and prudence of a professional in like circumstances and to adhere to the Fund's investment objectives and policies. Given the disparity of access to information and expertise in investment matters, <u>the Schwab Trustees, the Schwab Trust and the Schwab Advisor were obligated to exercise diligence and good faith in their management of investors' assets.</u> |
| **<u>Paragraph 158 -- Referenced Northstar III at 934:</u>**<br><br>158.  The Trust appended a copy of the Investment Advisory Agreement to an amendment to the Trust's Registration Statement dated December 29, 1997 precisely to inform class members of its terms. | 160.  The Schwab Advisor managed the investments of the Fund pursuant to an Investment Advisory Agreement dated June 15, 1994 between the Investment Advisor and Schwab Investments. <u>The Investment Advisory Agreement was appended by Schwab Investments as an exhibit to a Registration Statement filed with the SEC on December 29, 1997.</u>  The Investment Advisory Agreement is incorporated by reference herein as if appended to this Complaint. |

**Northstar Financial Advisors, Inc. v. Schwab Investments**

**08-cv-04119-LHK**

**Plaintiff's Memorandum of Law In Opposition to Defendants' (SLUSA) Motion for Judgment on the Pleadings**

**EXHIBIT A**

| | |
|---|---|
| **Paragraph 164 – Referenced Northstar III at 934:**<br><br>164.  The Investment Advisor breached the terms of its Investment Advisory Agreement with Schwab Investments by violating shareholders' voting rights and failing to manage the Fund's assets in a manner consistent with the Fund's fundamental investment objectives by investing in securities, including non-agency CMOs, which deviated from the securities contained in the Index, and by concentrating greater than 25% of the Fund's assets in non-agency CMOs. | 169.  The Schwab Advisor breached the terms of the Investment Advisory Agreement (a) by failing to invest the Fund's assets consistent with the Fund's fundamental investment policy to "seek to track" the Index "through the use of an indexing strategy" and (b) by "concentrating" more than 25% of the Fund's total assets in "investments in a particular industry or group." |

1

**CERTIFICATE OF SERVICE**

2       I am employed by Berman DeValerio, One California Street, Suite 900, San Francisco,

3  California, 94111.  I am over the age of 18 years and am not a party to this action.  On

4  November 18, 2015, using the U.S. District Court for the Northern District of California's CM/ECF

5  Electronic Filing system ("ECF system"), with the ECF ID registered to Christopher T. Heffelfinger,

6  and at his direction, I filed and electronically served true and correct copies of the document(s)

7  described as follows:

8
9
10
**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS
PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIMS ON GROUNDS OF SLUSA**

11  on the recipients designated on the Electronic Mail Notice List for this case.

12       The ECF system is designed to automatically generate an e-mail Notice of Electronic Filing

13  ("NEF") message to all parties in the case, which constitutes service.

14       I further declare that on November 18, 2015, I will serve true and correct copies of the

15  document(s) listed above on the following attorneys and/or parties, who are on the Manual Notice

16  List and thus not on the list to receive e-mail notices for this case, by placing true copies thereof,

17  enclosed in a sealed envelope, addressed as shown below, affixing proper first class postage, and

18  depositing the envelope in the United States Mail at San Francisco, California, in accordance with

19  Berman DeValerio's ordinary business practices:

20       Marc J. Gross                                    Bryan D. Plocker
         Greenbaum Rowe Smith & Davis LLP                 Greenbaum Rowe Smith & Davis LLP
21       75 Livingston Street, Suite 301                  Metro Corporate Capmus One
         Roseland, NJ 07068                               99 Wood Avenue South
22                                                        Iselin, NJ 08830-2712

23       I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct.

25       Executed at San Francisco, California, on November 18, 2015.

26
27
Leslie R. Cuesta
28

---

[08-cv-04119-LHK] PLAINTIFF'S OPPOSITION TO SLUSA MOTION (FIDUCIARY DUTY)