1   Matthew L. Larrabee, Esq. (SBN 97147)
    matthew.larrabee@dechert.com
2   Joshua D. N. Hess, Esq. (SBN 244115)
    joshua.hess@dechert.com
3   Brian Raphel, Esq. (SBN 293788)
    brian.raphel@dechert.com
4   DECHERT LLP
    One Bush Street, Suite 1600
5   San Francisco, CA 94104
    Telephone: (415) 262-4500
6   Facsimile: (415) 262-4555

7   Attorneys for Defendants

8   [Additional Counsel On Signature Page]

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

                        SAN JOSE DIVISION
12

13

14  NORTHSTAR FINANCIAL ADVISORS,        Case No.  08-cv-04119-LHK
    INC., on behalf of itself and all others
    similarly situated,                  CLASS ACTION
15

16                      Plaintiff,       DEFENDANTS' REPLY MEMORANDUM
                                         IN SUPPORT OF MOTION FOR
17           v.                          JUDGMENT ON THE PLEADINGS (FED.
                                         R. CIV. P. 12(c))
18  SCHWAB INVESTMENTS; MARIANN
    BYERWALTER, DONALD F.                Date:       February 25, 2016
19  DORWARD, WILLIAM A. HASLER,          Time:       1:30 P.M.
    ROBERT G. HOLMES, GERALD B.          Courtroom:  8, 4th Floor, San Jose
20  SMITH, DONALD R. STEPHENS,           Judge:      Hon. Lucy H. Koh
    MICHAEL W. WILSEY, CHARLES R.
21  SCHWAB, RANDALL W. MERK,
    JOSEPH H. WENDER and JOHN F.
22  COGAN, as Trustees of Schwab
    Investments; and CHARLES SCHWAB
23  INVESTMENT MANAGEMENT, INC.,

                        Defendants.
24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO     [08-cv-04119] DEFENDANTS' REPLY ISO MOT. FOR JUDGMENT ON THE PLEADINGS

1

## INTRODUCTION

Last month, this Court dismissed Plaintiff's breach of contract, breach of covenant, and third-party beneficiary claims under SLUSA based on the conclusion that, after four opportunities to amend, "[t]he thrust of Northstar's claims have remained the same:  Defendants allegedly misrepresented or omitted a material fact from the Fund's shareholders, which resulted in financial losses to these shareholders."  *Northstar VI*, 2015 WL 5785549, at *18 (N.D. Cal. Oct. 5, 2015).[1]  By filing the instant motion, which resolves the procedural issue that prevented this Court from considering whether the remaining breach of fiduciary duty claims arising out the same core allegations were similarly precluded, Defendants requested that this Court apply the same reasoning to dismiss those claims under SLUSA.[2]  Tellingly, Plaintiff spends a significant portion of its opposition asserting that this Court's prior rulings in *Northstar VI* and *Northstar III* were "wrongly decided" rather than arguing that the remaining claims are meaningfully distinguishable from those that have already been dismissed.  *See* Plaintiff's Memorandum in Opposition to the instant motion ("Opp.") (ECF No. 250) at 2.  In focusing its Opposition on a challenge of those prior rulings, Plaintiff effectively concedes that they bar the remaining fiduciary breach claims.

Plaintiff's attempts to distinguish its breach of fiduciary duty claims from the dismissed claims are irreconcilable with controlling SLUSA caselaw and with the prior rulings in this case.  Specifically, Plaintiff asserts that the Ninth Circuit has already determined that Plaintiff adequately pleaded a breach of fiduciary duty claim and, because a showing of a misrepresentation is not an element of that claim, it cannot be precluded by SLUSA.  But this position ignores the Ninth Circuit's express directive in this case to consider whether all of

---

[1] All abbreviations not defined in this reply brief were defined in Defendants' Opening Brief

[2] Other than preserving the issues for appeal, Plaintiff no longer asserts any waiver argument or any argument under the Delaware Carve-Out.  Opp. at 2 n.1.  Given that the Delaware Carve-Out was the only basis upon which the Court permitted Plaintiff to amend to avoid SLUSA preclusion in *Northstar III*, this concession is dispositive.  *See Northstar VI*, 2015 WL 5785549, at *3 ("Accordingly, Northstar was given leave to amend Northstar's breach of fiduciary duty claim in order to clarify whether this claim could indeed fall under the Delaware carve-out.").

1   Plaintiff's claims, including the breach of fiduciary duty claims, are precluded by SLUSA in the

2   "first instance." *Northstar V*, 779 F.3d 1036, 1050 (9th Cir. 2015).  It also ignores the well-

3   established body of case law reaffirming this Court's prior ruling that SLUSA preclusion applies

4   to claims whether or not they require a misrepresentation as an element of the cause of action.

5   Further, this argument fails to distinguish the fiduciary breach claims from the precluded breach

6   of contract claims, which also have no "misrepresentation" element.  Accordingly, the Court

7   should find that SLUSA bars the breach of fiduciary duty claims for the same reasons every other

8   claim has been found to be precluded.[3]

9                                    **ARGUMENT**

10  **I.      Plaintiff's Remaining Claims Are Precluded Under This Court's Prior Orders**

11          This Court has determined that "[a]lthough Northstar has amended its Complaint four

12  times, Northstar's core allegations remain the same" and "[t]he thrust of Northstar's claims" are

13  that Defendants "would do one thing [*i.e.*, follow the relevant investment policies], but ended up

14  doing another.  That is misrepresentation in the most classic sense." *Northstar VI*, 2015 WL

15  5785549, at **1, 16, 18.  This was the same conclusion the Court reached four years earlier, when

16  it ruled that the "central theme" of *all* of Plaintiff's claims in the SAC, including the breach of

17  fiduciary duty claims, was "that defendants made misrepresentations about how investments in

18  the fund would be managed, that Plaintiffs purchased Fund shares relying on these

19  misrepresentations, and that Plaintiffs were injured when these statements turned out to be false."

20  *Northstar III*, 781 F. Supp. 2d 926, 934 (N.D. Cal. 2011).  Plaintiff cannot credibly deny that this

21  Court has already determined that the gravamen of this case is based on misrepresentations and

22  omissions.  Indeed, Plaintiff conceded that the fiduciary breach claim is "essentially the same

23  claim as the breach of contract, it's just pled somewhat differently because it's based on the

24  conduct and in enforcing the contract rather than the contract itself." Hr'g Tr. 12:1-4 (ECF No.

25  249-1).  Plaintiff's focus on re-arguing the same arguments that were rejected in this Court's prior

26  _____

27  [3] Defendants restate their position that this motion can be decided without a hearing, especially
    given that Plaintiff has not asserted any argument unique to the remaining breach of fiduciary

28  duty claims.  Early resolution of this motion could save substantial costs and time for all parties.

1    rulings, as well as recently in *Hampton v. Pac. Inv. Mgmt. Co., LLC*, 2015 WL 7292128 (C.D.

2    Cal. Nov. 2, 2015), is misplaced.

3           Plaintiff once again mischaracterizes *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d

4    1110 (9th Cir. 2013).  *Freeman* expressly recognized that SLUSA "bars class actions brought

5    under state law, whether styled in tort, contract or breach of fiduciary duty, that in essence claim

6    misrepresentation or omission in connection with certain securities transactions."  704 F.3d at

7    1114.  *Freeman*, which did not address any breach of fiduciary duty claim, declined to find a

8    breach of contract claim precluded by SLUSA because the claim in that case turned on an

9    interpretation of a disputed contractual term and not on any representations made by the

10   defendants.  *Id.* at 1114.  Unlike *Freeman*, Plaintiff's claims do not turn on an interpretation of

11   any contractual language.  Rather, Plaintiff's claims arise out of assertions that Fund shareholders

12   purchased or held shares pursuant to prospectuses that affirmed these policies at a time when,

13   unbeknownst to the shareholders, the Fund was purportedly deviating from those policies.  That is

14   a misrepresentation case.  This Court has already explicitly ruled that *Freeman* is distinguishable

15   from this case, *Northstar VI*, 2015 WL 5785549, at *16 n.7, and Plaintiff offers no response other

16   than to say that it "disagrees" with this Court's order, which it contends was an "error."  *See* Opp.

17   at 4, 7.

18          According to Plaintiff, "[t]his Court's error in applying *Freeman* appears to derive from a

19   misperception that SLUSA should be broadly construed."  *See* Opp. at 7-8.  Plaintiff bases this

20   argument on a mischaracterization of *Chadbourne & Park LLP v. Troice*, in which the Supreme

21   Court addressed a claim arising out of the purchase of *uncovered* securities, rightly concluding

22   that SLUSA should not be read so broadly as to cover those claims.  134 S. Ct. 1058, 1068-69

23   (2014).  But that holding has no bearing on this case where the securities at issue are

24   unquestionably "covered securities" that fall within SLUSA's reach.  *Northstar VI*, 2015 WL

25   5785549, at *16.  *Chadbourne* is perfectly consistent with the wealth of authority supporting this

26   Court's conclusion that SLUSA should be broadly construed to preclude class actions asserting

27   state-law claims involving covered securities.  *See, e.g., Merrill Lynch, Pierce, Fenner & Smith*

28   *Inc. v. Dabit*, 547 U.S. 71, 86 (2006) ("The presumption that Congress envisioned a broad

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   construction follows not only from ordinary principles of statutory construction but also from the

2   particular concerns that culminated in SLUSA's enactment."); *Anderson v. Merrill Lynch Pierce*

3   *Fenner & Smith, Inc.*, 521 F. 3d 1278, 1284 (10th Cir. 2008) (same); *Rowinski v. Salomon Smith*

4   *Barney Inc.*, 398 F.3d 294, 299 (3d Cir. 2005) ("Congress envisioned a broad interpretation of

5   SLUSA").

6          Second, Plaintiff continues to assert that it can effectively "plead around" SLUSA by

7   deleting explicit references to the Fund's disclosures in its complaint. *See* Opp. at 4. Notably,

8   every putative class member who purchased or held shares did so pursuant to current

9   prospectuses that affirmed the same investment objectives that Plaintiff claims were not being

10  followed. However, Plaintiff has attempted to save its claims from SLUSA preclusion merely by

11  removing explicit references to such disclosure statements.[4] Courts, including this one, uniformly

12  reject such efforts. *See, e.g., Northstar VI*, 2015 WL 5785549, at *16 (rejecting "Northstar's

13  attempts at artful wordsmithing"); *Freeman*, 704 F.3d at 1115 ("plaintiffs cannot avoid preclusion

14  through artful pleading that removes the covered words . . . but keeps the covered concepts.")

15  (internal quotation marks omitted). Despite this authority, Plaintiff faults this Court for

16  "overlook[ing] the substantial revisions from the [SAC] to the [TAC]" that were made before the

17  "less significant revisions from the [TAC] to the [Fourth Amended Complaint]." Opp. at 5. But

18  this is demonstrably incorrect because, after considering each of the serial complaints that

19  Plaintiff has filed, this Court concluded "[a]lthough Northstar has amended its Complaint four

20  times, Northstar's *core allegations* remain the same" *Northstar VI*, 2015 WL 5785549, at *1

21  (emphasis added). In any event, the *amount* of revisions between any particular versions of the

22  complaint is irrelevant. As this Court has recognized, Plaintiff has failed to alter "[t]he thrust of

23  Northstar's claims," which is that "Defendants allegedly misrepresented or omitted a material fact

24

25  [4] Although explicit references to these prospectuses may have been removed from the complaint,
    Plaintiff continues to rely upon these disclosures in vague terms. *See, e.g.,* Fourth Amended
26  Complaint ¶ 184 (ECF No. 214) ("Subsequent to the 1997 proxy vote, Schwab Investments
    continued to offer shares in the Fund pursuant to the terms of a contract . . . these same terms
27  were also included in Prospectuses and in Statements of Additional Information"); *Id.* at ¶ 185
    ("The terms of the contract . . . were reiterated in Schwab Investments' subsequent SEC filings").
28

from the Fund's shareholders, which resulted in financial losses to these shareholders." *Id.* at *18. Accordingly, *all* of Plaintiff's claims are barred by SLUSA.

## II. Plaintiff Has Not Otherwise Distinguished Its Breach Of Fiduciary Duty Claims From The Dismissed Contract-Based Claims.

The remaining arguments that Plaintiff asserts in support of its fiduciary duty claims provide no basis for treating these claims any differently from those that have already been dismissed. First, Plaintiff argues that its breach of fiduciary duty claims should survive because the Ninth Circuit allegedly determined that Plaintiff had adequately pleaded each element of the claim. This argument ignores the fact that the Ninth Circuit expressly directed this Court to consider "whether the allegations in the [TAC]"—including the fiduciary breach claims—"are barred by SLUSA . . . in the first instance." *Northstar V*, 779 F.3d at 1050. Plainly, the Ninth Circuit understood that even an adequately pleaded claim can be precluded by SLUSA when the gravamen of that claim is based on misrepresentations or omissions. *See Proctor v. Vishay Intertechnology Inc.*, 584 F. 3d 1208, 1219 (9th Cir. 2009) (holding that SLUSA does not alter or preempt causes of action, but simply "makes some state-law claims nonactionable through the class action device in federal as well as state court."). Thus, the Ninth Circuit's prior decision does not bear on the preclusion analysis under SLUSA.

Second, Plaintiff argues that its fiduciary duty claims are somehow different from the contract claims because misrepresentation is not a specific element of a breach of fiduciary duty claim. This argument has been universally rejected by this Court and every other court to consider it. "Misrepresentation need not be a specific element of the claim to fall within [SLUSA]'s preclusion." *Proctor*, 584 F. 3d at 1222 n.13; *see also Stoody-Broser v. Bank of America*, 2011 WL 2181364, at *1 (9th Cir. 2011) (affirming *Proctor*); *Rowinski*, 398 F.3d at 300 (holding that the argument that "only essential legal elements of a state law claim trigger preemption, is inconsistent with the plain meaning of" SLUSA); *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 311 (6th Cir. 2009) ("Also unavailing is Segal's contention that the state-law claims do not depend upon allegations of misrepresentation or manipulation—and thus are not material to them. But that again is not how SLUSA works"); *Northstar VI*, 2015 WL 5785549, at

1   *15 ("the precluded state law claims need not contain a 'specific element' of misrepresentation");

2   *Northstar III*, 781 F. Supp. 2d at 935 (finding SLUSA preclusion even if the state law claims do

3   not require any misrepresentation.").

4        Ignoring this authority, Plaintiff cites to *Freeman* to argue that its use of the phrase

5   "essence of the claim" really means the "element of the claim."  Opp. at 6-7.  But this legal

6   alchemy has no legal or logical support.  If Plaintiff were correct, *Freeman* would not have

7   needed to analyze the claim any further than its elements.  The authorities cited by Plaintiff (Opp.

8   at 8) do not suggest an alternate conclusion.  These cases reach the unremarkable conclusion that

9   *some* fiduciary breach claims may survive under SLUSA, but none of them conclude that

10  fiduciary breach claims will always survive a SLUSA challenge.  There is no "breach of fiduciary

11  duty" carve-out in SLUSA.

12       Moreover, Plaintiff's position is untenable because *none* of Plaintiff's claims include

13  misrepresentation as a specific element, so this argument does not provide any basis to distinguish

14  the breach of fiduciary duty claims from the claims this Court already dismissed.  Recognizing

15  this issue, Plaintiff's Opposition contains two sentences, unsupported by any legal authority,

16  suggesting that a breach of contract claim requires a "communication," but a breach of fiduciary

17  duty claim does not.  Opp. at 2.  Even if true,[5] this is an irrelevant distinction because, as this

18  Court has recognized, SLUSA does not require an affirmative misrepresentation.  *See Northstar*

19  *VI*, 2015 WL 5785549, at *15 (SLUSA precludes claims based on omissions).

20       Following the well-settled authority cited above, the Central District of California recently

21  dismissed breach of fiduciary duty claims, as well as a series of other claims that lack a

22  misrepresentation element, in a case arising out of substantially similar facts.  *See Hampton*, 2015

23  WL 7292128.  Like this case, *Hampton* also addressed various state-law claims in which "the

24  entire theory of Plaintiff's [complaint] is that investors were hoodwinked by the Fund's repeated

---

[5] Plaintiff has argued that its breach of fiduciary duty claims are based, in part, on a determination
that the relevant duty arose "as a matter of fact" against all Defendants, based on communications
they made to the shareholders about the Fund's investment objective and policies and the "trust
and repose" those shareholders provided in return.  *See, e.g.*, Opposition to Motion to Dismiss
Fourth Amended Complaint (ECF No. 223) at 22-23.

1  representations that it would not exceed the [prospectus' investment restriction]." *Id* at *4.

2  Plaintiff vainly attempts to distinguish *Hampton* on the grounds that it involved a non-

3  fundamental policy, which could not form a binding contract or basis of a fiduciary duty.  Opp. at

4  9.  As far as SLUSA is concerned, this is a distinction without difference.  The holding in

5  *Hampton* was premised on the conclusion that the gravamen of the case was based on

6  misrepresentations and omissions regarding a mutual fund's compliance with a stated policy,

7  regardless of whether that policy was fundamental or not.  *Hampton*, 2015 WL 7292128, at *4.

8  Accordingly, as in *Hampton*, the fiduciary breach claims should be dismissed.

9                                          **CONCLUSION**

10         For the foregoing reasons, and those stated in Defendants' opening brief, the Fourth

11  Amended Complaint should be dismissed as to all Defendants with prejudice.[6]

12

13  Dated:  November 25, 2015                    Respectfully Submitted,

14                                              DECHERT LLP
                                                By:  /s/  Joshua D. N. Hess
15                                              _____
                                                Matthew L. Larrabee
16                                              Joshua D. N. Hess
                                                Brian C. Raphel
17                                              One Bush Street, Suite 1600
                                                San Francisco, CA 94104
18
19                                              *Attorneys for Defendants*

20

21

22

23

24

25  _____
26  [6] Although not mentioned anywhere in their Opposition memorandum, Plaintiff suggests in its three-page "Statement of Issues" that granting Defendants' motion would deny Plaintiff of any remedy.  But SLUSA only precludes certain class actions under State law.  In fact, multiple other
27  remedies were available to Plaintiffs and others similarly situated.  Nothing prohibited Plaintiff from, for example, filing a claim under the federal securities laws (individually or a class action)
28  or pursuing a FINRA arbitration.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: */s/ Karin Kramer*
Richard A. Schirtzer
Karin Kramer
Arthur Roberts
50 California Street, 22nd Floor
San Francisco, CA 94111

*Attorneys for Mariann Byerwalter, Donald F.
Dorward, William A. Hasler, Robert G.
Holmes, Gerald B. Smith, Donald R. Stephens,
Michael W. Wilsey, Charles R. Schwab,
Randall W. Merk, Joseph H. Wender and John
F. Cogan*

1          I am employed in the County of San Francisco, State of California.  I am over the age of

2    18 and not a party to the within action; my business address is One Bush Street, Suite 1600, San

3    Francisco, California 94104.

4    On November 25, 2015, I served the foregoing documents described as:

5          **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR**

6          **JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. 12(c))**

7    on all interested parties in this action by electronically filing the document(s) with the Clerk of

8    the Court using the CM/ECF system which will send notification of such filing to the email

9    addresses of each party authorizing service.

10         I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct.

12         Executed on November 25, 2015, at San Francisco.

13

14

15   By: _____

16         KATHRYN VAN GAASBEEK

17

18

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO