Joseph J. Tabacco, Jr. (SBN 75484)
jtabacco@bermandevalerio.com
Christopher T. Heffelfinger (SBN 118058)
cheffelfinger@bermandevalerio.com
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA  94111
Telephone: (415) 433-3200
Facsimile:  (415) 433-6282

*Attorneys for Plaintiff Northstar Financial Advisors, Inc.*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>SCHWAB INVESTMENTS; MARIANN BYERWALTER, DONALD F. DORWARD, WILLIAM A. HASLER, ROBERT G. HOLMES, GERALD B. SMITH, DONALD R. STEPHENS, MICHAEL W. WILSEY, CHARLES R. SCHWAB, RANDALL W. MERK, JOSEPH H. WENDER and JOHN F. COGAN, as Trustees of Schwab Investments; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>            Defendants. | Case No. Case No. 5:08-cv-04119-LHK<br><br>**CLASS ACTION**<br><br>Date:          April 21, 2016<br>Time:         1:30 p.m.<br>Courtroom: 8, 4th Floor, San Jose<br>Judge:        Honorable Lucy H. Koh |

### DECLARATION OF ODESSA HALL IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

[08-cv-04119-LHK] DECL. OF ODESSA HALL IN SUPPORT OF PLTF'S MOT. FOR CLASS CERT.

Odessa Hall, being duly sworn, hereby declares under the penalties of perjury, pursuant to 28 U.S.C. §1746, that:

1. I am a longtime client of plaintiff Northstar Financial Advisors, Inc. ("Northstar"). I make this Declaration on personal knowledge in support of Northstar's motion to certify the class in this action defined as all persons who owned shares of the Schwab Total Market Bond Fund (the "Fund") as of August 31, 2007, or who acquired those shares at any time from September 1, 2007 through February 29, 2009, and who were damaged as a result of the Fund's deviation from its stated fundamental investment policies (the "Class"). As stated herein, I am available to serve as an additional class representative plaintiff on behalf of the Class.

2. I am 69 years old. I graduated from Central Commercial High School in New York City, and obtained credits towards a college degree from the New York City College of Technology in Brooklyn, where I studied liberal arts, and thereafter the Fashion Institute of Technology in Manhattan, where I studied fashion buying and merchandising.

3. Following my high school graduation in 1964, I worked at the state agency now called the New York State Division of Human Rights for approximately three and a half years, and thereafter in New York City's Human Resources Administration for approximately three years. I then worked for The Port Authority of New York and New Jersey for approximately ten years, and then UniWorld Group, Inc., an advertising agency, for approximately 18 years. For approximately the next ten years, I worked on a temporary basis as an administrative assistant for several companies, retiring in 2005, at the age of 59.

4. In 1994, I was introduced to Richard Berse, Northstar's principal. I was told that Mr. Berse was highly qualified to manage my investments and savings. I retained Northstar as my financial advisor.

5. I have always been a conservative investor, but this was particularly so in the few years prior to my retirement. I trusted Mr. Berse with investment decisions and allowed him the discretion necessary to act in my best interests. Northstar manages all of my investments.

6. Mr. Berse invested $142,500 of my portfolio into the Schwab Total Market Bond Fund in 2002. The Fund's fundamental investment objective required that the Fund track the Lehman Brothers U.S. Aggregate Bond Index (the "Index"), which I understand to be a very conservative index consisting primarily of U.S. government and agency bonds. Starting in 2002, my investment in the Fund grew in line with the performance of the Index, reaching a value of approximately $170,000 in late 2007.

7. I have learned by virtue of this litigation that in late 2007, the Fund began investing in assets that were not part of the Index. Rather than purchasing conservative government bonds, the Fund purchased high-risk sub-prime mortgage bonds. I am advised by my counsel that as a result of Schwab's deviation from the Index, the Fund underperformed the Index by approximately 6% from November 1, 2007 through March 31, 2008.

8. In or about April of 2008, Mr. Berse informed me that he had sold my shares in the Fund, along with all his other clients' Fund shares, due to the Fund's underperformance. Attached as Exhibit A is my account's history of trades in the Fund, which reflects that on April 1, 2008, Mr. Berse sold all of my 17,352.02 shares. I am advised by my counsel that by the time Mr. Berse sold my shares, I had incurred damages in excess of $9,600 as a result of Schwab's deviation from the Index, taking into account what I would have earned if the Fund had continued to perform in line with the Index compared to its actual performance.[1]

9. In late 2008, Mr. Berse informed me he was suing Schwab on behalf of his clients and all Fund shareholders for its failure to comply with its investment objectives.

10. In or around December of 2015, Mr. Berse contacted me, asking if I would be interested in speaking to his counsel about joining this action as an additional class representative. I agreed, and Mr. Berse thereafter put me in contact with Robert C. Finkel of Wolf Popper LLP. Following correspondence and discussions with Wolf Popper and my review of material from the litigation, I agreed to seek to serve as an additional class representative. Richard Berse, on behalf of Northstar, will continue to serve as a class representative plaintiff.

---

[1] A small portion of those damages (approximately $1,250) were recovered in the SEC Fair Fund.

[08-cv-04119-LHK] DECL. OF ODESSA HALL IN SUPPORT OF PLTF'S MOT. FOR CLASS CERT.

11. I understand that as a class representative I am responsible for working with counsel, and that I will need to make myself available for deposition and court appearances, if necessary. I also understand I am responsible for searching my records for any relevant documents. I surmise there is quite little to be unearthed, but that too is a task I am willing to undertake. The fact is that I have damages in excess of $9,600 (a significant amount for me, a widowed retiree living off social security and my investments with Northstar) in what was supposed to be a conservative and stable investment. I am willing to see this case through to the end.

12. I understand that defendants have questioned Northstar's ability to prosecute and serve as a class representative in this action due to the fact that it was not the owner of Fund shares and is proceeding in this action by way of assignment. I also invested in 2002, prior to defendants making changes in the Fund's composition and disclosures, which I understand they suggest may establish defenses in this action. My direct participation in this action, would obviate both arguments moving forward, and would strengthen representation of the class.

13. I consider the facts concerning my losses in the Fund described above to be fairly typical of what has befallen other members of the Class. Investors in the Fund come from a wide variety of backgrounds and possess varying degrees of financial sophistication. What unites us all is defendants' failure to exercise their fiduciary duties to comply with the Fund's investment objectives, and our financial interests to secure damages so that defendants be held to account for their failure to do so.

Dated: January 15, 2016

_____
ODESSA HALL